■ IBSEN POTTER et al., Appellants, v. JAMES CLARK et al., Respondents.— Order unanimously reversed, without costs of this appeal to any party and motion denied, without costs. Memorandum: The order grants a motion of the defendant Clark for an order severing the cause of action as against Clark from all other issues and for separate trial. The complaint alleges that the plaintiff wife was in two separate automobile accidents in Syracuse, New York, one on October 14, 1960 and the other on the 20th of October, 1960. In each case it was alleged that while her car was standing still it was struck in the rear by another automobile, the first the Clark vehicle, and the second the Lewis vehicle. Permanent injuries are claimed. It is the plaintiffs' contention that, because of difficulties of proof as to cause, aggravation and the like, if the cases are tried separately each defendant will try to place the blame on the other for all or most of the injuries, and the plaintiffs might not be as completely protected as if they were tried together. This case is the type that particularly lends itself to a single trial. The claims against the defendants should be tried and presented together under sections 212 and 258 of the Civil Practice Act. Section 212 does not necessarily require identity of parties, and section 258 specifically does not. "'Complete freedom should be allowed in the joinder of causes of action as in the joinder of parties, and it is submitted that the correct approach to the joinder of parties and of causes of action is the English one: May the matters conveniently be tried together?'" (*Great Northern Tel. Co.* v. *Yokohama Specie Bank*, 297 N. Y. 135, 141.) These cases may conveniently be tried together; in fact there are many reasons why they should be tried together in the interests of justice. We conclude therefore that a provident exercise of discretion would have dictated the denial of the motion at Special Term. (*Wilson* v. *Algeria*, 5 Misc 2d 520; *Better* v. *Butuola*, 203 Misc. 723; see, also, *Bresler* v. *Brunt*, 9 A D 2d 596.) The codefendant Lewis moved for an order directing plaintiffs to separately state and number each cause of action. The Special Term Justice did not pass on that motion because, in view of the granting of Clark's motion it had become academic. No order of denial was entered and this matter is not before us. However, in view of our reversal, that motion is not now necessarily academic. The order appealed from should be reversed without prejudice to the right of Lewis to renew his motion to separately state and number if so advised. (Appeal from order of Onondaga Special Term granting defendant Clark's motion severing the causes of action against defendant Clark.) Present — Williams, P. J., Bastow, Goldman, Halpern and Henry, JJ.