## (January 25, 1973)

■ MILTON THAYER, Respondent, v. DANNY L. COLLETT et al., Respondents, and ANTUNNO NICOLINO, Appellant. (Action No. 1.) MILTON THAYER, Respondent, v. HAROLD L. HOLMES et al., Appellants. (Action No. 2.) — Appeals from an order of the Supreme Court at Special Term, entered May 3, 1972 in Madison County, which granted respondent Collett's motion for a joint trial. Plaintiff instituted separate actions to recover for injuries allegedly resulting from two automobile accidents occurring respectively on July 25, 1967 (Action No. 1) and August 2, 1968 (Action No. 2). Collett, a defendant in Action No. 1, sought the order appealed from, pursuant to CPLR 602, (subd. [a]), contending that since plaintiff was complaining of similar injuries from both accidents, there was a common question of fact as to the extent to which each defendant might be responsible for the allegedly permanent injuries to his back and neck. We can find no reason to disturb this discretionary determination. (*Wyant* v. *Jensen*, 25 A D 2d 388.) In granting a joint trial, it is not required that all questions of law or fact be common to the various actions. It has previously been noted in a similar case that " if the cases are tried separately each defendant will try to place the blame on the other for all or most of the injuries, and the plaintiffs might not be as completely protected as if they were tried together " (*Potter* v. *Clark*, 19 A D 2d 585). We would add that fairness to the defendants would require the same approach. One jury hearing all the evidence can better determine the extent to which each defendant caused plaintiff's injuries and should eliminate the possibility of inconsistent verdicts which might result from separate trials. Order affirmed, with costs. Herlihy, P. J., Greenblott, Cooke, Sweeney and Reynolds, JJ., concur.