■ In the Matter of ERNEST HILL, Appellant, v JOE SMALLS et al., Respondents.—Order entered in the Supreme Court, New York County, on February 5, 1975, affirmed, without costs or disbursements. We find no abuse of discretion in Special Term's denial of appellant's motion to remove and consolidate two personal injury negligence actions pending in the Civil Court and for an increase in the *ad damnum* to $1,000,000. The actions arise out of unrelated accidents occurring in 1966 and 1967, the first action having been commenced in the Civil Court and the latter one year later in the Supreme Court. On May 30, 1974 the latter action was remanded to the Civil Court pursuant to CPLR 325 (subd [d]) without any reduction in the *ad damnum* of $75,000. No review of the remand was sought. Appellant's argument that the inordinate delay of time in bringing this motion was due to his failure to receive an updated medical report is unpersuasive. The Civil Court is the proper forum to apply for a joint trial if plaintiff can persuade that court, as he urges on this appeal, that such action will obviate waste of judicial time and expense. Special Term's wide discretion should not be disturbed. (See CPLR 602; 2 Weinstein-Korn-Miller, NY Civ Prac, par 602.01.) Concur—Markewich, J. P., Murphy, Lane and Nunez, JJ.; Lupiano, J., dissents in the following memorandum: Plaintiff appeals from an order of the Supreme Court, New York County, entered February 5, 1975, denying his motion to increase the *ad damnum* to $1,000,000 and for removal to and consolidation for the purposes of a joint trial in the Supreme Court of two actions pending in the Civil Court, New York County. I would reverse the order and direct that plaintiff's request to remove his action against James Capoutsos be referred to Trial Term and the remainder of the relief requested be held in abeyance by Special Term pending Justice Fein's

determination. Plaintiff successively sustained separate whiplash injuries as the result of being struck in the rear on two different occasions. He was struck first by a vehicle operated by defendant Smalls on November 12, 1966. He commenced a negligence action against Smalls in the Civil Court, New York County, seeking $10,000 in damages. The second accident occurred on July 3, 1967. Plaintiff was struck in the rear by a vehicle operated by defendant Capoutsos. He commenced an action against Capoutsos in the Supreme Court, New York County, seeking $75,000 in damages. On or about May 28, 1974, at a Trial Term of the Supreme Court, this action was transferred to the Civil Court pursuant to CPLR 325 (subd [d]) as a nonpreferred action, plaintiff having failed to submit a medical report. Such transfer rests in the discretion of the court "where it appears that the award of damages sustained may be less than demanded, and the lower court would have had jurisdiction but for the amount of damages demanded" (CPLR 325, subd [d]). The action so removed, is subject to the monetary limitation of the jurisdiction of the court in which the action was originally commenced. On the instant motion, plaintiff submits an affidavit of Dr. Ralph W. Richter who relates that plaintiff came under his care for injuries sustained in the first accident. Apparently as of February, 1967, the doctor "so far as [he] could see at the time" opined that "there had been recovery from this episode without gross sequelae." The doctor further stated, however, that the cumulative effect of the injuries sustained in both accidents, in his expert opinion, has caused severe and permanent damage to the spine. Cervical surgery with a high risk potential is indicated and plaintiff's reluctance to undergo such surgery is, as related by the doctor, understandable. This medical affidavit closes with an acknowledgment that "because of the press of [his] professional duties, [the doctor] was unable to get a report concerning [his] findings and opinions out to [plaintiff's] attorneys until June 17, 1974." In respect of common questions of law and fact, they are patently present in connection with the overlapping nature of the injuries sustained by the plaintiff. Analogous to the instant situation are the circumstances in *Thayer v Collett* (41 AD2d 581). In that case, the plaintiff instituted separate actions to recover for injuries allegedly resulting from two automobile accidents occurring on July 25, 1967 and August 2, 1968, respectively. Since plaintiff was complaining of similar injuries from both accidents, there was a common factual question as to the extent to which each defendant might be responsible for the alleged permanent injuries to plaintiff's back and neck. Special Term's granting of a joint trial was upheld with the apt observation that "In granting a joint trial, it is not required that all questions of law or fact be common to the various actions. It has previously been noted in a similar case that 'if the cases are tried separately each defendant will try to place the blame on the other for all or most of the injuries, and the plaintiffs might not be as completely protected as if they were tried together' *(Potter v Clark,* 19 AD2d 585). We would add that fairness to the defendants would require the same approach. One jury hearing all the evidence can better determine the extent to which each defendant caused plaintiff's injuries and should eliminate the possibility of inconsistent verdicts which might result from separate trials" *(Thayer v Collett, supra).* Further, "The present trend of the cases favors easier consolidation (2 Weinstein-Korn-Miller, NY Civ Prac, par 602.03). If there exists common questions of law or fact, consolidation is warranted unless the party opposing consolidation demonstrates prejudice to a substantial right. The burden of showing prejudice to a substantial right rests upon the party opposing a motion for consolidation *(Matter of Vigo SS Corp. [Marship*

*Corp. of Monrovia]*, 26 NY2d 157; 2 Weinstein-Korn-Miller, NY Civ Prac, par 602.09) * * * Perhaps the correct approach is 'May the matters conveniently be tried together' (43 Cornell L 709, 711)" *(Maigur v Saratogian, Inc.* 47 AD2d 982, 983). The contention advanced that the Supreme Court did not have jurisdiction to entertain plaintiff's motion because the actions were pending in the Civil Court is without merit. CPLR 325 (subd [b]) provided that "Where it appears that the court in which an action is pending does not have jurisdiction to grant the relief to which the parties are entitled, a court having such jurisdiction may remove the action to itself upon motion". As noted by Dean Joseph M. McLaughlin in the Practice Commentaries to CPLR 325 (McKinney's Cons Laws of NY, Book 7B, p 443, C 325:2): "Subdivision (b) corresponds with CPA § 110-a, and is intended to govern situations where the plaintiff commences his action in a court possessing jurisdiction, but because of changed circumstances the plaintiff requires additional relief beyond the power of the court to award. A motion to transfer may be made in any court that would have jurisdiction to award the relief." It is beyond cavil that the Civil Court has jurisdiction to award plaintiff a judgment of at most $10,000 in one action and $75,000 in the other. Parenthetically, it is noted that pursuant to article 6, (§ 19, subd f) of the New York State Constitution, the Civil Court would appear not to have the power to transfer, in any event, the action transferred by the Supreme Court to the Civil Court. Special Term's view that the grant of plaintiff's motion in the instant matter would constitute overriding a Justice of coordinate jurisdiction is without foundation, except as to the Capoutsos action. The relief requested, to wit, removal to the Supreme Court of both actions with consequent consolidation for the purpose of joint trial is substantially different from the issue as to preference which was theretofore before trial term. Additional critical facts, to wit, the medical affidavit alluded to above, were brought to Special Term's attention. Patently, the plaintiff's motion insofar as the action against Capoutsos is concerned, is in effect one to renew with respect to Trial Term's order to transfer that action to the Civil Court pursuant to CPLR 325 (subd [d]). Accordingly, that branch of plaintiff's motion seeking to remove the Capoutsos action from Civil Court to the Supreme Court should have been referred to the Trial Term Justice and the remainder of the relief requested by plaintiff held in abeyance by Special Term pending the Trial Term determination. The pragmatic basis for thus holding the remainder of plaintiff's motion in abeyance resides in the fact that Special Term will then be in a position to know in what court the Capoutsos action will be pending. Finally, it appears on this record that defendant Smalls will not suffer prejudice by the transfer and joint trial, should plaintiff's relief be granted, because on an evidentiary basis he can rely on the report of plaintiff's physician, Dr. Richter, relevant to plaintiff's recovery from the first accident.