■ JOHN T. WILHELMSEN, Appellant, v FRANK J. BOLAN SALES, INC., et al., Respondents. (Appeal No. 1.)—Order unanimously affirmed, without costs. Memorandum: Action No. 1 is brought by Motors Insurance Corporation (MIC) in the name of John T. Wilhelmsen, pursuant to a subrogation agreement, against the retailer and manufacturers of a tractor-trailer seeking damages for moneys expended in repair of the truck and lost profits. This action is based on the theories of breach of warranty, strict liability and negligence. Action No. 2 is a suit by the owner of the vehicle, John T. Wilhelmsen, against MIC for his lost profits based upon the delay caused by MIC's decision to repair the insured tractor-trailer rather than replace it. MIC, as the real plaintiff in interest in the first action and as defendant in the second action, appeals from a grant of a motion for a joint trial and from that part of a denial of a motion to dismiss which granted leave to the retailer and manufacturers to reapply at the time of trial for a dismissal of Action No. 1 on the ground that another suit is pending. Absent a showing of prejudice to a substantial right (see *Maigur v Saratogian,* 47 AD2d 982, 983), the existence of common questions of law or fact justify the grant of a motion for joint trial (CPLR 602, subd [a]; *L. G. J. K. Realty Corp. v Hartford Fire Ins. Co.,* 48 AD2d 670, 671; *Thayer v Collett,* 41 AD2d 581). Here, the issue as to who is ultimately responsible to the owner of the vehicle for the alleged lost profits is clearly a question of fact which is common to both actions. Further, MIC has failed to demonstrate the necessary prejudice by merely alleging that its identity as an insurance company would be disclosed upon joinder of trial. This case does not involve a situation in which an insurance company will or may become an indemnitor upon a determination of the insured's liability. Rather it involves MIC's liability in the first instance for lost profits and thus the disclosure of its identity will not be prejudicial. Nor do we find that the grant of leave to reapply to the Trial Judge at the time of trial for a dismissal of plaintiff's complaint was improper. The original motion to dismiss was confined solely to the issue of the owner's lost profits. Since the owner's ability to recover this amount from the retailer and manufacturers is dependent upon a finding that MIC did not either cause or contribute to these damages, a final determination on dismissal should await the trial. (Appeal from order of Madison Supreme Court—dismiss complaint.) Present—Marsh, P. J., Moule, Cardamone, Mahoney and Dillon, JJ.

■ JOHN T. WILHELMSEN, Appellant, v FRANK J. BOLAN SALES, INC., et

al., Respondents. (Appeal No.. 2.)—Order unanimously affirmed, without costs. Same memorandum as in *Wilhelmsen v Bolan Sales* (54 AD2d 615 [Appeal No. 1, decided herewith]). (Appeal from order of Madison Supreme Court—joint trial.) Present—Marsh, P. J., Moule, Cardamone, Mahoney and Dillon, JJ.