OPINION OF THE COURT
Aaron E. Klein, J.
Defendant, Voorheesville Central School District, moves for reargument or renewal of its earlier motion for severance, and separate trial of the claim against the said defendant on the grounds that the trial of substantial different issues in the same action will prejudice that defendant, and also for a *1047 change of venue of the action against the said defendant. The court by decision made January 24, 1979 (98 MisC 2d 516), and by order implementing the same dated November 24, 1978, signed February 5, 1979, denied the said motion in its entirety, but in its decision mentioned inferentially that if subsequent developments in the litigation "through disclosure or otherwise” disclosed substantial different issues of law or fact to exist in the claims against the separate defendants, that a renewal of the application would be entertainable. The said defendant now by this motion, and its implementation by the transcript of an examination of the plaintiff under section 50-h of the General Municipal Law, contends that there is presently a showing by disclosure that different issues of law and fact exist, meriting the granting of the original motion, severing the actions and changing the venue.
The opposition, besides contending that reargument does not lie because of the existence of this so-called new matter at the time of the making of the original motion, adds that renewal likewise does not lie because the so-called new matter existed at the time of the original motion, and not being newly discovered, does not lay the basis for a renewal motion.
On the first point, to wit, the propriety of a motion for reargument or motion for renewal, the court agrees that reargument is not the proper remedy since there is no showing that the court in its original decision overlooked any proposition of law or of fact which should alter its original opinion and decision. As to renewal, Siegel, New York Practice (§ 254, pp 313-314) states: "The motion to renew is based on new or additional proof not used the first time around. The new proof need not necessarily be newly discovered, but the motion probably stands a better chance if it is and if there is good reason why this additional proof was not discovered till now.” (Webb & Knapp v United Cigar-Whelan Stores Corp., 276 App Div 583.)
On the basis of the last citation and the Siegel commentary, the court will entertain this motion as one for renewal.
The court has reviewed the new matter presented on this motion, and finds nothing therein contained which would have changed its original conclusions and decision. It is to be noted that there was not presented to the court on such renewal any pleadings, any competent medical proof or any in-depth disclosure information sufficient to alter the original opinion arrived at by the court.
*1048 From what has been presented, the court discerns not one scintilla of new matter which responds to the original objections of the court for granting the motion for severance and change of venue. It may still well be that after full exploration of this litigation, through pleadings and disclosure, there may ultimately be substantial elements presented which might well motivate the court to alter its opinion. They are not now present or shown.
One point must be mentioned. As this court stated in its prior decision, the entire CPLR is premised on the inexpensive and speedy determinations of civil proceedings. (Cf. CPLR 104.) Here, counsel for the movant has submitted voluminous papers to this court, and seeks to contest the entire case when he has not even received a copy of the complaint. This court, of course, left the movant with the opportunity to seek the relief herein, yet the very reason for this court allowing same was that counsel for the defendant would await the further exposition of the issues on which to base the present application. This they have not done. In any event, the movant’s counsel would be well advised to review the following cases: Potter v Clark (19 AD2d 585); Wyant v Jensen (25 AD2d 388); and Thayer v Collett (41 AD2d 581).
The motion is denied, again without prejudice to a renewal of the application in a more appropriate posture of the litigation when the movant can show substantial different issues of law or fact exist.