■ STATE OF NEW YORK, Respondent, v MARTIN KRONBERG, Appellant. — Appeal from an order of the Supreme Court at Special Term (Miner, J.), entered December 24, 1980 in Albany County, which denied defendant's motion for a change of venue from Albany County to either New York County or Richmond County. Plaintiff State of New York commenced this action to recover the sum of $4,278.63 for services rendered to defendant's son at the Willowbrook Developmental Center during the period from January 1, 1973 to April 30, 1977. Subsequently, defendant moved, pursuant to CPLR 510 (subd 3), for a change of the place of trial from Albany County to New York County or Richmond County, and his motion was denied. The present appeal ensued. We hold that the challenged order of Special Term should be affirmed. Absent a clear showing that it constitutes an abuse of discretion, a court's ruling on a motion under CPLR 510 (subd 3) should not be disturbed (*Kucich v Leibowitz,* 68 AD2d 1002), and here there has been no such showing. Although most of defendant's proposed witnesses apparently reside near New York City rather than near Albany, it likewise appears that, in addition to defendant and his son, most of these witnesses are past and present employees of plaintiff. Moreover, it is conceded that the action was properly instituted in Albany County, the location of plaintiff's principal office, and it is likely that a speedier trial can be had in Albany County than in either New York County or Richmond County (cf. *Greenberg v Pine Hollow Standardbred Sale & Mgt. Corp.,* 76 AD2d 952). Under these circumstances, the denial of defendant's motion should be sustained. Order affirmed, with costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.

■ NANCY R. DOLL, Respondent, v JEANNETTE CASTIGLIONE et al., Appellants. (Action No. 1.) NANCY R. DOLL, Respondent, v JOSE L. VALENCIA, JR., Respondent. (Action No. 2.) — Appeal from an order of the Supreme Court at Special Term (Lee, Jr., J.), entered May 5, 1981 in Broome County, which denied a motion by defendants in Action No. 1 and Action No. 2 for a joint trial of the two actions. Plaintiff Nancy R. Doll allegedly sustained injuries as a consequence of two separate automobile accidents which occurred on May 9, 1978 in the City of Binghamton and October 10, 1978 in the Town of Union. Subsequently, she commenced negligence actions against defendants Jeannette and Paul Castiglione in Action No. 1 and defendant Jose L. Valencia, Jr., in Action No. 2. Thereafter, the defendants in both actions moved for an order directing a joint trial thereof. At Special Term, their motion was denied and defendants in Action No. 1 now appeal. We hold that the challenged order should be affirmed. The possibility of confusion for the jury and prejudice to plaintiff resulting from a joint trial of these actions is obvious. In this instance we have separate unrelated accidents occurring at different locations and times with each mishap presenting unique factual issues for resolution. In our judgment, under the circumstances presented, Special Term did not abuse its discretion in granting plaintiff a separate trial for each accident so that the jury involved in each case can clearly focus upon the questions presented as to one accident and reach an appropriate verdict (cf. *Hill v Smalls,* 49 AD2d 724, app dsmd 38 NY2d 893; *Pride v Perras,* 6 AD2d 842). In so ruling, we would lastly note that the cases of *Thayer v Collett* (41 AD2d 581) and *Wyant v Jensen* (25 AD2d 388) are not only factually distinguishable from the present case, but also, in each of those earlier instances, as we do here, this court affirmed discretionary orders of Special Term relative to applications for a joint trial. Order affirmed, with costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.