■ HELEN GAGE, Appellant, v TRAVEL TIME & TIDE, INC., Respondent. HELEN GAGE, Appellant, v CITY OF NEW YORK et al., Respondents.—Order, Supreme Court, New York County (Andrew R. Tyler, J.), entered March 30, 1989, denying plaintiff's motion for renewal of her earlier motion for consolidation of these two negligence actions, unanimously reversed, to the extent appealed from, on the law, the facts and in the interest of justice, to grant renewal and, upon renewal, to direct a joint trial, without costs.

This 61-year-old plaintiff had two falls, both causing injury to her knees. The first fall allegedly occurred on September 22, 1984. Plaintiff fell on a hole in the pavement in front of 239 East 59th Street, New York, New York. The premises were owned and/or operated by defendants City of New York, 59th Street Associates, and Arista Theaters.

The second fall allegedly occurred almost two years later on May 10, 1986. Plaintiff fell in front of 1416 Second Avenue, New York, New York. The premises are managed by Travel Time & Tide, Inc. The second fall is claimed to have aggravated the original injury to the patella of one of her knees caused by the first fall. Plaintiff's last medical visit for treatment of the injury resulting from her first accident was on October 30, 1985, only seven months before the second injury.

The complaint pertaining to the first fall was served on or about June 19, 1985. The complaint pertaining to the second fall was served on or about February 3, 1987. Her cross motion for a joint trial was filed on September 1, 1987. This motion was denied by Judge Tyler's order dated January 12, 1988. Her renewal motion for a joint trial was filed on January 3, 1989, which was denied by Judge Tyler on March 29, 1989. Plaintiff appeals from that order.

Plaintiff asserts the actions should receive a joint trial because they involve not only a common party, herself, but also the interaction of her separate knee injuries, common to both cases, as well as the prejudice arising from the possibility of inconsistent jury verdicts. Defendants assert they will be substantially prejudiced by a joint trial because of the bolstering effect of each claim upon the other.

The guiding principles which dictate the disposition of this appeal are well stated in *Thayer v Collett* (41 AD2d 581) as follows: "In granting a joint trial, it is not required that all questions of law or fact be common to the various actions. It has previously been noted in a similar case that 'if the cases are tried separately each defendant will try to place the blame on the other for all or most of the injuries, and the plaintiffs might not be as completely protected as if they were tried together' *(Potter* v. *Clark,* 19 AD2d 585). We would add that fairness to the defendants would require the same approach. One jury hearing all the evidence can better determine the extent to which each defendant caused plaintiff's injuries and should eliminate the possibility of inconsistent verdicts which might result from separate trials."

Where as here there is a claim that the injury in a second action aggravated the injuries sustained in the first, and where "it is apparent that part of the defense with respect to each accident will be that the other defendants are responsible for the plaintiff's injuries" a joint trial is indicated *(Dolce v Jones,* 145 AD2d 594, 595). Concur—Sullivan, J. P., Milonas, Kassal, Wallach and Smith, JJ.