■ MILTON RICHARDSON et al., Appellants, v UESS LEASING CORP. et al., Respondents. [595 NYS2d 210] —Order, Supreme Court, New York County (Charles Ramos, J.), entered on or about December 10, 1991, which denied the plaintiffs' motion to strike the defendants Uess Leasing Corp. and Clemson

Leasing Corp.'s affirmative defenses, denied their alternative motion to consolidate this action with an action instituted in Queens County against Uess Leasing Corp. and Clemson Leasing Corp. and granted the defendants Uess Leasing Corp. and Clemson Leasing Corp.'s cross motion to dismiss the instant action against them on the ground of a prior pending action and severed the cause of action against the remaining defendants, unanimously reversed, to the extent appealed from, on the law, the facts and in the exercise of discretion, the defendants Uess Leasing Corp. and Clemson Leasing Corp.'s cross motion to dismiss and sever is denied and the plaintiffs' alternative motion to consolidate this action with the action in Queens County is granted, with venue placed in Queens County, without costs.

The plaintiff Milton Richardson seeks to recover damages from two separate accidents. The first occurred on January 25, 1988, when he allegedly slipped and fell in a building located in Queens County, owned by the defendants Uess Leasing Corp. and Clemson Leasing Corp. The second accident occurred in Manhattan on January 2, 1989 when Richardson was involved in a motor vehicle accident with a car owned by the defendant Mahogany Leasing Corp. and operated by its employee Amit S. Raidler.

On September 1, 1989, the plaintiffs instituted an action in Queens County against Uess and Clemson. In February of 1991, they sued Mahogany and Raidler in New York County and joined Uess and Clemson. Uess and Clemson asserted in their answer, *inter alia,* that the action against them should be dismissed due to a prior pending action. In September of 1991, the plaintiffs, in the New York County action, moved for an order, *inter alia,* dismissing Uess and Clemson's affirmative defenses or in the alternative, for an order consolidating the action with the Queens County action. Uess and Clemson cross moved to dismiss them as defendants in the New York County action.

The Supreme Court denied the plaintiffs' motion to strike the defendants' affirmative defenses, denied their alternative motion for consolidation and granted Uess and Clemson's cross motion to the extent of dismissing the action against them on the ground of a prior action pending. The cause of action against Mahogany and Raidler was severed and continued in New York County.

We reverse. As in *Melendez v Presto Leasing* (161 AD2d

501), although Richardson's injuries arose from two separate accidents at two separate locations and occurred at two different times, and, although there was no claim that the injuries sustained in the second accident aggravated those sustained in the first accident, consolidation is appropriate here *(see also, Gage v Travel Time & Tide,* 161 AD2d 276).

The record reveals that Richardson suffered injuries affecting his gait in both accidents and received treatment from the same physician for those injuries. Moreover, since each of the defendants claims that the other is responsible for the plaintiff's injuries, " '[o]ne jury hearing all the evidence can better determine the extent to which each defendant caused plaintiff's injuries and should eliminate the possibility of inconsistent verdicts which might result from separate trials' " *(supra,* at 277). In sum, the interests of justice and judicial economy will best be served by a joint trial *(Heck v Waldbaum's Supermarkets,* 134 AD2d 568).

We agree with the defendants Uess and Clemson, however, that venue should be placed in Queens County, since that is the county where the action was first commenced *(see, Maciejko v Jarvis,* 99 AD2d 799; *Cassel v Koether,* 90 AD2d 785). The plaintiffs have failed to demonstrate any special circumstances warranting deviation from the general rule *(supra).* Concur—Sullivan, J. P., Rosenberger, Wallach and Ross, JJ.