■ DAVID W. KUPFERSCHMID, Appellant, v EDMUND HENNESSY et al., Respondents. [633 NYS2d 776] —Order, Supreme Court,

New York County (Paula J. Omansky, J.), entered May 23, 1994, which granted defendant Hennessy's motion seeking severance of the action brought against him from the action brought against defendant Diaz and change of venue of the severed action from New York County to Rockland County, unanimously reversed, on the law, the facts and in the exercise of discretion, and the motion for severance and a change of venue is denied, without costs.

Plaintiff commenced the underlying action jointly against defendants Hennessy and Diaz to recover damages for injuries suffered as a result of two automobile accidents. The first occurred on June 10, 1993 in the Town of Orange, Rockland County, New York and involved a vehicle operated by defendant Hennessy, a resident of Rockland County. The second occurred on July 4, 1993, in Bergen County, New Jersey and involved defendant Diaz, a resident of New York County. Plaintiff at the time of the commencement of the action was a resident of Bergen County, New Jersey. In the answer to plaintiff's complaint, defendant Hennessy included a demand for a change of venue from New York County to Rockland County on the ground that New York County was not a proper venue. Upon plaintiff's refusal to comply, Hennessy moved for severance pursuant to CPLR 603 and for a change of venue pursuant to CPLR 511. Plaintiff argued in response to Hennessy's motion that the existence of issues of law and fact common to both actions, including but not limited to the fact that the injuries sustained by plaintiff in the June 10, 1993 accident were exacerbated as a result of the July 4, 1993 accident, warranted the joinder.

It is well settled that in granting a joint trial, " 'it is not required that all questions of law or fact be common to the various actions' " *(Gage v Travel Time & Tide,* 161 AD2d 276, 277, quoting *Thayer v Collett,* 41 AD2d 581). In cases such as this, where the commonality involves two interrelated injuries and the issue of exacerbation, " 'if the cases are tried separately each defendant will try to place the blame on the other for all or most of the injuries, and the plaintiffs might not be as completely protected as if they were tried together' " *(Thayer v Collett, supra,* quoting *Potter v Clark,* 19 AD2d 585; *see, Gage v Travel Time & Tide, supra,* at 277). It has been stated that "fairness to the defendants would require the same approach. One jury hearing all of the evidence can better determine the extent to which each defendant caused plaintiff's injuries and should eliminate the possibility of inconsistent verdicts which might result from separate trials" (161 AD2d 276, 277, *supra,*

quoting *Thayer v Collett, supra*; *see also, Richardson v Uess Leasing Corp.,* 191 AD2d 394, 396).

Given that severance was improper and that plaintiff commenced the joint action against the defendants in New York County, the county of residence of defendant Diaz, there was no ground upon which to change the venue of this action (CPLR 503 [a]). Concur—Sullivan, J. P., Rosenberger, Ross, Asch and Nardelli, JJ.