■ In the Matter of KENNETH C. and Another, Children Alleged to be Abused. MELVIN G., Appellant; COMMISSIONER OF SOCIAL SERVICES, Respondent, et al., Respondent. [656 NYS2d 874] —Order, Family Court, Bronx County (Susan Larabee, J.), entered on or about November 27, 1995, which, to the extent appealed from as limited by appellant's brief, determined, following a fact-finding hearing, that appellant Melvin G. had sexually abused Kanisha C., unanimously affirmed, without costs.

Appellant's sexual abuse of the subject child was proven by a preponderance of the evidence, where the six-year-old victim's account of abuse was validated by the testimony of the child's caseworker and by the medical findings and testimony of an expert on child sexual abuse (*Matter of Nicole V.*, 71 NY2d 112). Concur—Milonas, J. P., Ellerin Tom and Mazzarelli, JJ.

■ JULIA WITHERSPOON, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. (And Another Action.) [656 NYS2d 629] —Order, Supreme Court, Bronx County (Stanley Green, J.), entered on or about November 29, 1995, which granted plaintiff's motion for a joint trial of two personal injury actions, unanimously affirmed, without costs.

Here, two personal injury actions arising out of separate accidents involve a claim by plaintiff that the injuries alleged in the first action were exacerbated by the accident alleged in the second action. A claim by the defendant in one of the actions that the plaintiff's injuries were caused by the negligence of the defendant in the other action mandates that the two actions should be tried together, absent a particularized showing of prejudice (*see, Kupferschmid v Hennessy*, 221 AD2d 225; *Richardson v Uess Leasing Corp.*, 191 AD2d 394). We perceive no threat of jury confusion or other prejudice in the present circumstances, where one of the defendants is named in both actions. Concur—Milonas, J. P., Ellerin, Tom and Mazzarelli, JJ.