■ ANA MORELL, Appellant, v ELENA BASA et al., Defendants, and PRESBYTERIAN HOSPITAL IN THE CITY OF NEW YORK, Appellant. (Action No. 1.) ANA MORELL, Appellant, v HENRY GODFREY et al., Respondents. (Action No. 2.) [752 NYS2d 299] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered on or about November 19, 2001, which, in the above-captioned Action No. 1, denied defendant hospital's motion for an order consolidating Action No. 1 with the above-captioned Action No. 2, and order, same court and Justice, entered May 1, 2002, which, insofar as appealed from, granted plaintiff's motion for reargument of the aforesaid order, and, upon reargument, adhered to the prior decision, unanimously reversed, on the law, without costs, and the motion to consolidate granted.

In separate actions, plaintiff sues defendant hospital and defendant Henry Godfrey, M.D., alleging that each defendant, in separately treating plaintiff, departed from applicable medical standards in failing to timely diagnose and treat her breast

cancer. Each defendant claims that the other is responsible for plaintiff's condition. In denying the hospital's motion, supported by plaintiff, to consolidate the two actions pursuant to CPLR 602 (a), the motion court abused its discretion as a matter of law. Under circumstances such as those presented here, "[o]ne jury hearing all the evidence can better determine the extent to which each defendant caused plaintiff's injuries and should eliminate the possibility of inconsistent verdicts which might result from separate trials" (*Richardson v Uess Leasing Corp.*, 191 AD2d 394, 396, quoting *Gage v Travel Time & Tide*, 161 AD2d 276, 277). To the extent, if any, the actions are at different procedural stages, the IAS court has discretion to make an appropriate order to avoid any resulting prejudice to the party requiring additional disclosure prior to trial (*see Collazo v City of New York*, 213 AD2d 270, 270-271). Concur—Tom, J.P., Buckley, Friedman, Marlow and Gonzalez, JJ.