■ MALIKA F. NELSON, Respondent, v THOMAS NOH et al., Respondents, and MICHAEL J. SANTINI, Appellant. [913 NYS2d 452]—

Appeal from an order of the Supreme Court, Monroe County (Harold L. Galloway, J.), entered February 11, 2010 in personal injury actions. The order denied the motion of defendant Michael J. Santini for bifurcation and granted the cross motions of plaintiff and defendant Damaris Serrano for consolidation.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant Michael J. Santini appeals from an

order denying his motion for bifurcation and granting the cross motions of plaintiff and defendant Damaris Serrano to consolidate the instant two actions. The first action concerns two motor vehicle accidents, one in July 2003 between plaintiff and defendants Thomas Noh and Petcharat Nilswankosit and the other in March 2004 between plaintiff and Serrano. The second action concerns a third motor vehicle accident that occurred in January 2006, between plaintiff and Santini. Addressing first the cross motions, we conclude that Supreme Court properly granted the cross motions inasmuch as "consolidation is favored by the courts . . . , and should be granted unless the party resisting consolidation demonstrates prejudice to a substantial right" (*Humiston v Grose*, 144 AD2d 907, 908 [1988]; *see Shanley v Callanan Indus.*, 54 NY2d 52, 57 [1981]). Here, we conclude that Santini failed to establish the requisite prejudice to a substantial right (*see Matter of Vigo S. S. Corp. [Marship Corp. of Monrovia]*, 26 NY2d 157, 161-162 [1970], *cert denied* 400 US 819 [1970]). In addition, we note that plaintiff allegedly sustained injuries to a common part of her body in all three accidents, and we conclude that " '[o]ne jury hearing all the evidence can better determine the extent to which each defendant caused plaintiff's injuries and [that consolidation] should eliminate the possibility of inconsistent verdicts which might result from separate trials' " (*Gage v Travel Time & Tide*, 161 AD2d 276, 277 [1990]). Finally, we conclude that the court did not abuse its discretion in denying Santini's motion for bifurcation (*see Iszkiewicz v Town of Lancaster*, 16 AD3d 1163 [2005]). Present—Scudder, P.J., Martoche, Green, Pine and Gorski, JJ.