■ GLAZE TERIYAKI, LLC, Respondent, v MACARTHUR PROPERTIES I, LLC, Appellant. [65 NYS3d 127]—

Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered June 1, 2016, which, to the extent appealed from, after a nonjury trial, dismissed the first, second, third, and sixth counterclaims, unanimously reversed, on the law, the counterclaims reinstated, possession awarded to defendant, and the matter remanded for a hearing on sums owed, if any, by plaintiff to defendant. The Clerk is directed to enter a judgment of possession in favor of defendant.

Plaintiff owns a fast food restaurant. Defendant is plaintiff's landlord. By notice dated October 23, 2013, defendant notified plaintiff that it was in default of the lease due to an improper exhaust system that violated the 2008 New York City Mechanical Code (Administrative Code of City of NY, tit 28, ch 8, MC ch 5 [the Mechanical Code]). On November 7, 2013, plaintiff commenced this action, seeking, inter alia, to enjoin defendant from terminating the lease and a declaration that plaintiff was not in default. Plaintiff then moved for a *Yellowstone* injunction and obtained a temporary restraining order.

On November 26, 2013, Supreme Court, Commercial Division (Eileen Bransten, J.), held a hearing on plaintiff's request for a *Yellowstone* injunction at which defendant's expert testified that MC §§ 506.5.6 and 508.1 require that restaurant cooking appliances and "[a]ll of the components of the kitchen hood

exhaust system have to be interlocked," including "the exhaust and makeup air systems," so that all components work on a single switch, and no single component can be turned on without the other components being on. Based on the evidence presented, the court ruled that plaintiff had violated the Code, and thus the lease, by failing to have "interlocking mechanisms in the [cooking exhaust] hood and in the electrical work and in the precipitator"; that the notice to cure was appropriate; and that the condition was curable. The court directed plaintiff to cure by the next court date, December 17, 2013. After plaintiff's counsel pointed out to the court that he had not had an opportunity to cross-examine defendant's expert, the court stated that he would be afforded an opportunity to do so "if he so wishes." However, counsel did not raise the issue at either of the next two court dates.

On December 17, 2013, a Tuesday, plaintiff advised the court that it had not yet cured the condition. The court directed that an electrician "fix the problem at [plaintiff's] cost" by the following Thursday, December 19, 2013, to which plaintiff's counsel responded, "Fair enough." The court further directed plaintiff's counsel to bring proof on the next court date, January 8, 2014, that plaintiff had paid all rent and additional rent due.

On January 8, 2014, the court directed on the record that the *Yellowstone* injunction be lifted due to plaintiff's failure to pay all sums due to the landlord under the lease. This directive was reduced to a written order entered on February 18, 2014, that denied plaintiff's application for a *Yellowstone* injunction "for the reasons stated on the December 17, 2013 and January 8, 2014 records."*

On January 14, 2014, defendant served plaintiff with a notice of cancellation of the lease. On or about January 15, 2014, defendant filed an answer with counterclaims seeking a judgment of possession on its first counterclaim for failure to cure Mechanical Code violations; an order requiring plaintiff to cure the Mechanical Code violations on its second counterclaim; damages for breach of contract on its third counterclaim; a money judgment and judgment of possession on its fourth counterclaim for nonpayment of rent and additional rent; use and occupancy on its fifth counterclaim; and counsel fees on its sixth counterclaim.

By order entered July 28, 2014, plaintiff's complaint was

---

* This order is not included in the record on appeal, but is available on the Unified Court System website.

dismissed, defendants' counterclaims were severed, and the matter was reassigned out of the Commercial Division.

By order entered February 3, 2016, the Supreme Court (Barry Ostrager, J.) held that Justice Bransten's earlier orders, none of which had been appealed, were the law of the case. It then scheduled a trial at which it limited the scope of evidence to be presented to "whether [plaintiff] cured the violations of the Mechanical Code requiring that [its] exhaust system, precipitator, odor equipment (the 'Exhaust System') interlock with each other so that no cooking appliances are in operation when any part of the Exhaust System is not in operation." The court reserved the issue of "payments, if any, owed by plaintiff to the defendant-counterclaimant for past rent, additional rent, and use and occupancy" for possible referral to a special master.

A trial on the issue of whether or not the Mechanical Code violations had been cured was held on February 3 and 26, 2016. At trial, Joel Berkowitz, managing partner of Fireproofing Corporation of America (FCA), testified that FCA completed work to "interlock the precipitator with the exhaust fan" on December 31, 2013 (which was after the December 19, 2013 deadline set by Justice Bransten), but that plaintiff "wanted to keep the makeup air fan independent of the exhaust fan," so work was not performed by FCA to interlock the makeup air fan with the other exhaust system components. Defendant's expert also testified that, as of February 19, 2016, the makeup air fan was still not interlocked with the other components, in violation of the Code.

Despite its earlier ruling that Justice Bransten's orders were the law of the case and that the only issue at trial was whether the Code violation had been cured, the trial court issued an order after trial, entered June 1, 2016, that found that defendant had failed to establish any violation of the Code, determined that the notice of cancellation was null and void, and enjoined defendant from terminating the lease based upon the notice. The court dismissed defendant's first, second, third and sixth counterclaims, and referred the remaining counterclaims to a special referee to determine the amount of outstanding rent and/or use and occupancy and other charges owed. Defendant now appeals from that order.

The "law of the case doctrine is designed to eliminate the inefficiency and disorder that would follow if courts of coordinate jurisdiction were free to overrule one another in an ongoing case" (*People v Evans*, 94 NY2d 499, 504 [2000]). Here, the trial court was prohibited from finding that plaintiff's commercial kitchen exhaust system did not violate the Mechanical

Code. The trial court adopted the earlier finding by Justice Bransten, referenced in the February 18, 2014 order, when it held that her orders were the "law of the case," and limited the issue at trial as set forth above.

Plaintiff was afforded a full and fair opportunity to litigate this issue before Justice Bransten, and was offered the opportunity, if it wished, to schedule cross-examination of defendant's expert (*People v Evans*, 94 NY2d at 502). It did not do so, and essentially conceded the existence of the Code violation when its counsel responded, "Fair enough," to the court's directive on December 17, 2013 that the violation be cured at plaintiff's expense.

Moreover, the evidence presented at the 2016 trial, including unrefuted expert testimony, established that plaintiff's commercial kitchen exhaust system continued to violate MC § 508.1. The evidence demonstrated that the mechanical makeup air fan in plaintiff's kitchen was operated independently of the exhaust system, by a separate switch, in violation of MC § 508.1 and that the violation had not been cured as of February 19, 2016.

Thus, defendant is entitled to the relief it seeks. Accordingly, defendant's counterclaims are reinstated, and defendant is entitled to a judgment of possession and the issuance and execution of a warrant of eviction resulting from plaintiff's continued holdover after its lease had been terminated as of January 21, 2014 (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983] [holding that the authority of this Court "is as broad as that of the trial court and that as to a bench trial it may render the judgment it finds warranted by the facts" (citations omitted)]). To the extent defendant seeks monetary relief on any of its counterclaims, that issue is remanded to Supreme Court.

Contrary to plaintiff's contention, defendant was indeed aggrieved by the order, which, inter alia, found its notice of cancellation of lease null and void. Concur—Renwick, J.P., Kapnick, Gesmer and Kern, JJ.

