Glaze Teriyaki LLC v MacArthur Props. I LLC (2022 NY Slip Op 03988)

Glaze Teriyaki LLC v MacArthur Props. I LLC

2022 NY Slip Op 03988

Decided on June 21, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 21, 2022

Before: Gische, J.P., Friedman, González, Rodriguez, Pitt, JJ. 

Index No. 653883/13 Appeal No. 16164-16165-16165A Case No. 2021-04233 

[*1]Glaze Teriyaki LLC, Plaintiff-Appellant,
v
MacArthur Properties I LLC, Defendant-Respondent, Board of Managers of the Lex 54 Condiminium, Intervenor-Defendant.

Cole Schotz, P.C., New York (Bradley P. Pollina of counsel), for appellant.
The Tzanides Law Firm, PLLC, New York (Kirk P. Tzanides of counsel), for respondent.

Judgment, Supreme Court, New York County (Barry R. Ostrager, J.), entered May 7, 2021, awarding defendant holdover rent and 18% prejudgment interest from November 9, 2017, unanimously affirmed, without costs. Judgment, same court and Justice, entered December 8, 2021, awarding defendant attorneys' fees, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about November 22, 2021, to the extent it granted defendant's motion for attorneys' fees, unanimously dismissed, without costs, as subsumed in the appeal from the December 2021 judgment.
The motion court correctly concluded that a default resulting in termination is an "expiration" of the lease for the purpose of awarding holdover rent under article 59B (see W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162 [1990]). We have previously determined that a holdover rent set at 200% of base rent is enforceable and not a penalty (see Tenber Assoc. v Bloomberg L.P., 51 AD3d 573, 574 [1st Dept 2008]).
An award of 18% prejudgment interest applied to use and occupancy is not expressly precluded by article 59B, and it is well settled that interest is not a penalty (Love v State of New York, 78 NY2d 540, 544 [1991]). As the motion court observed, this Court's November 9, 2017 order in a prior appeal alerted plaintiff to the fact that its tenancy had been terminated (Glaze Teriyaki, LLC v MacArthur Props. I, LLC, 155 AD3d 427, 430 [1st Dept 2017]), rendering prejudgment interest from that date "reasonable" under CPLR 5001(b).
In light of the fact that the parties to the lease are sophisticated entities that negotiated the lease terms through counsel, the attorneys' fees provision under article 19 of the lease is enforceable (see Matter of Krodel v Amalgamated Dwellings Inc., 166 AD3d 412 [1st Dept 2018]). Contrary to plaintiff's contention, defendant reserved its right to post-October 2016 attorneys' fees under the parties' earlier settlement agreement. Plaintiff's contention that defendant is not the prevailing party is belied by this Court's November 9, 2017 order and plaintiff's April 20, 2018 eviction (see Sykes v RFD Third Ave. I Assoc., LLC, 39 AD3d 279, 279 [1st Dept 2007]), and the motion court providently reduced the fees sought by nearly $40,000 in recognition of the fact that not all of the fees incurred were necessary to the outcome.
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 21, 2022