Brown v Neighborhood Assn. for Inter-Cultural Affairs, Inc. (2023 NY Slip Op 01836)

Brown v Neighborhood Assn. for Inter-Cultural Affairs, Inc.

2023 NY Slip Op 01836

Decided on April 06, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 06, 2023

Before: Manzanet-Daniels, J.P., Kern, González, Scarpulla, Pitt-Burke, JJ. 

Index No. 23079/19E Appeal No. 17651-17652 Case No. 2022-01898 , 2022-03201 

[*1]Takisha Brown etc., Appellant,
v
Neighborhood Association for Inter-Cultural Affairs, Inc., et al., Defendants-Appellants, NAICA Housing Development Fund Company, Inc., et al., Defendants.
Neighborhood Association for Inter-Cultural Affairs, Inc., et al., Third-Party Plaintiffs-Appellants,
v
Sera Security Services, LLC, et al., Third-Party Defendants.
Neighborhood Association for Inter-Cultural Affairs, Inc., et al., Second Third-Party Plaintiffs-Appellants,
v
Isabella Geriatric Center, Inc., et al., Second Third-Party Defendants-Respondents.

Godosky & Gentile, P.C., New York (Robert E. Godosky of counsel), and Law Firm of D.F. Truhowsky, New York (Deborah Truhowsky of counsel), for Takisha Brown, appellant.
Marshall Conway Bradley Gollub & Weissman, P.C., New York (Lauren R. Turkel of counsel), for Neighborhood Association for Inter-Cultural Affairs, Inc. and 3339 Park Development, LLC, appellants.
Kaufman Borgeest & Ryan LLP, Valhalla (Lisa E. Fleischmann of counsel), for Isabella Geriatric Center, Inc., respondent.
Mauro Lilling Naparty, LLP, Woodbury (Seth M. Wienberg of counsel), for The New York and Presbyterian Hospital, New York Presbyterian/Columbia University Medical Center and New York Presbyterian/Columbia University Irving Medical Center and New York Presbyterian Queens, respondents.
Fumuso, Kelly, Swart, Farrell, Polin & Christesen LLP, Hauppauge (Scott G. Christesen of counsel), for The Silvercrest Center for Nursing and Rehabilitation, respondent.

Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered on or about January 27, 2022, which denied defendants Neighborhood Association for Inter-Cultural Affairs, Inc. (NAICA) and 3339 Park Development, LLC's motion to consolidate this action with a second action pending in New York County and transfer the second action to Bronx County, and order, same court (Marissa Soto, J.), entered June 13, 2022, which granted second third-party defendant Isabella Geriatric Center, Inc.'s motion to sever the second third-party action, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion in denying the motion to consolidate and transfer (see CPLR 602[a]). Although the two actions involve common questions of fact, the issues and applicable legal principles between this premises liability action commenced in Bronx County, and the nursing home negligence and medical malpractice action in New York County, are so dissimilar that joinder or consolidation would not be beneficial and would likely result in jury confusion (see Wilson v Perlman, 185 AD3d 984, 985 [2d Dept 2020]; Cromwell v CRP 482 Riverdale Ave., LLC, 163 AD3d 626, 627 [2d Dept 2018]). There are no common defendants in the actions and no claim has been made that any of the witnesses will have to testify twice unless consolidation is granted (see C.K.S. Ice Cream Co. v Frusen Gladje Franchise, 172 AD2d 206, 208 [1st Dept 1991]; cf. Witherspoon v New York City Hous. Auth., 238 AD2d 276, 276 [1st Dept 1997]). Furthermore, the bill of particulars served in each of the two actions show that, while some of the same injuries are alleged in each case, about half were sustained as a result of the alleged assault, while many additional and different injuries resulted from the alleged negligence of the health care providers.
As to the motion to sever, Supreme Court properly found that the reasoning underlying the order denying the motion to consolidate also supported granting the motion to sever, because a single trial would result in prejudice to a substantial right of the second third-party defendants. The determination of the first motion is law of the case, which reflects "the practice of courts generally to refuse to reopen what has been decided" (People v Evans, 94 NY2d 499, 503 [2000] [internal quotation marks omitted]; see Glaze Teriyaki, LLC v MacArthur Props. I, LLC, 155 AD3d 427, 429 [1st Dept 2017]). The court's prior finding that interests of judicial economy and consistency would not be served by having a single trial also established that severance of the second third-party action from the main and third-party actions was warranted (see Gardner v City of New York, 102 AD2d 800, 801 [1st Dept 1984]). A judgment against NAICA or 3339 Park in the main action will not impede their ability to prevail against the second third-party defendants in the severed third-party action (see Garcia v Gesher Realty Corp., 280 AD2d 440, 441 [1st Dept 2001]).
THIS [*2]CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 6, 2023