**New York State Unified Ct. Sys. v New York State Pub. Empl. Relations Bd.**

2024 NY Slip Op 31191(U)

April 8, 2024

Supreme Court, New York County

Docket Number: Index No. 161972/2023

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. ARLENE P. BLUTH                    PART          14

_Justice_

-----------------------------------------------------------------------------X

NEW YORK STATE UNIFIED COURT SYSTEM,

|  |  |
|---|---|
| INDEX NO. | 161972/2023 |
| MOTION DATE | N/A |
| MOTION SEQ. NO. | 002 |

Petitioner,

- v -

NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS
BOARD, SUFFOLK COUNTY COURT EMPLOYEES
ASSOCIATION, INC.,NEW YORK STATE SUPREME
COURT OFFICERS ASSOCIATION, ILA, LOCAL 2013,
AFL-CIO, NEW YORK STATE COURT OFFICERS
ASSOCIATION, CIVIL SERVICE EMPLOYEES
ASSOCIATION, INC.,LOCAL 1000, AFSCME, AFL-CIO,
COURT OFFICERS BENEVOLENT ASSOCIATION OF
NASSAU COUNTY, ASSOCIATION OF SUPREME COURT
REPORTERS, NINTH JUDICIAL DISTRICT COURT
EMPLOYEES ASSOCIATION, DISTRICT COUNCIL 37,
LOCAL 1070, AFSCME, AFL-CIO, COURT ATTORNEYS
ASSOCIATION OF THE CITY OF NEW YORK, NEW YORK
STATE COURT CLERKS ASSOCIATION, INC.

**DECISION + ORDER ON
MOTION**

Respondents.

-----------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 46, 47, 48, 49, 50, 51, 77, 78, 83

were read on this motion to/for         CONSOLIDATE/JOIN FOR TRIAL         .

Petitioner's motion to consolidate this proceeding with two other proceedings is denied.

## Background

In this proceeding, petitioner seeks to challenge a determination made by respondent

New York State Public Employment Relations Board ("PERB") that upheld a decision by an

Administrative Law Judge ("ALJ") concerning petitioner's COVID-19 testing and vaccination

policies, but modified the ALJ's remedy.   In this motion, petitioner seeks to consolidate this

**161972/2023   NEW YORK STATE UNIFIED COURT SYSTEM vs. NEW YORK STATE PUBLIC
EMPLOYMENT RELATIONS BOARD ET AL
Motion No.  002**

Page 1 of 4

1 of 4

proceeding with two other proceedings, both of which were filed before this proceeding. The first was filed in Kings County and the second was filed in Suffolk County, although they were only commenced a few hours before this proceeding was filed. Petitioner claims that consolidation is appropriate here given the common questions of law and fact involving PERB's decision.

**Discussion**

The general rule is that consolidated disputes should be placed in the county where the first action or proceeding was filed (*Richardson v Uess Leasing Corp.*, 191 AD2d 394, 396, 595 NYS2d 210 [1st Dept 1993]). Petitioner acknowledges this rule but argues that Courts have consolidated proceedings in instances where many of the parties reside in a certain county. However, the cases petitioner cites for this assertion were plenary actions in which the courts considered the convenience of the witnesses and the most practical place to conduct a trial (*see Gomez v Jersey Coast Egg Producers, Inc.*, 186 AD2d 629 [2d Dept 1992]; *Perinton Associates v Heicklen Farms, Inc.*, 67 AD2d 832 [4th Dept 1979]).

The three instant disputes here are all special proceedings, which, in this Court's view, means that considerations about the convenience of the witnesses are irrelevant as special proceedings are generally decided based solely on the parties' papers. And all of the counties in which these proceedings were commenced are in relatively close proximity (Kings County, Suffolk County and New York County) and yet the instant motion was made in the jurisdiction in which the last proceeding was filed. Moreover, each proceeding is e-filed and so there is no obstacle to the parties' ability to file documents. The Court finds that petitioner did not adequately explain why consolidation in New York County, as opposed to the other counties, is

**161972/2023   NEW YORK STATE UNIFIED COURT SYSTEM vs. NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD ET AL
Motion No.  002**

**Page 2 of 4**

2 of 4

appropriate given the clear preference that matters be consolidated in the place where the first dispute was filed.

Moreover, the response by respondent PERB indicates that consolidation is not appropriate. While PERB claims that it does not oppose the instant motion, it demands that this Court decline to consolidate its three separate motions to dismiss and that it be permitted to file three separate reply briefs. In fact, PERB argues that "The legal issues in the Motions to Dismiss are sufficiently distinct to necessitate separate briefing, even if the actions are consolidated for other purposes" (NYSCEF Doc. No. 77, ¶ 11). If the issues in these three proceedings require PERB to file three separate briefs, then consolidation is not justified here.

Of course, as CPLR 602 provides, consolidation may be ordered where there is "a common question of law or fact." A review of the petitions in the three proceedings suggests, as PERB argues, that there are separate and distinct issues. In this proceeding, petitioner seeks to vacate the decision by PERB and the ALJ. In the Suffolk County proceeding, the Suffolk County Court Employees Association, Inc. seeks to reverse PERB's decision but affirm the decision by the ALJ. In the Kings County proceeding, the Association of Supreme Court Reporters seeks to challenge its alleged exclusion from the ALJ's decision.

While all of the proceedings concern the same determinations by PERB and the ALJ, each involves different aspects of these decisions. In other words, the Court finds that consolidation here will not serve to conserve resources. Rather, merging these three separate proceedings would likely only serve to create a procedural morass. As PERB observed, it has already filed three separate motions to dismiss and it wants to maintain those motions instead of consolidating them. This Court wants to avoid creating confusion among these three proceedings by consolidating them.

**161972/2023   NEW YORK STATE UNIFIED COURT SYSTEM vs. NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD ET AL**
**Motion No.  002**

**Page 3 of 4**

Accordingly, it is hereby

ORDERED that the motion to consolidate is denied.

| **4/8/2024** | | | | |
|---|---|---|---|---|
| **DATE** | | | **ARLENE P. BLUTH, J.S.C.** | |

| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | ☐ GRANTED | ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**161972/2023   NEW YORK STATE UNIFIED COURT SYSTEM vs. NEW YORK STATE PUBLIC
EMPLOYMENT RELATIONS BOARD ET AL
Motion No.  002**

Page 4 of 4

4 of 4

[* 4]