■ PAUL J. HORES, Plaintiff, v ROBERT SARGENT et al., Defendants and Third-Party Plaintiffs-Respondents, et al., Defendants. CARL ZEH AUTO REPAIRS, INC., Third-Party Defendant-Appellant. [646 NYS2d 296] —In a negligence action to recover damages for personal injuries, the third-party defendant Carl Zeh Auto Repairs appeals from an order of the

Supreme Court, Suffolk County (Oshrin, J.), dated July 17, 1995, which denied its motion for summary judgment dismissing the third-party complaint.

Ordered that the order is affirmed, with costs.

This is an action to recover damages for personal injuries sustained by the plaintiff on May 17, 1989, while participating in a bicycle trip planned and organized by the Office of Student Activities of the defendant Nassau Community College (hereinafter NCC). The plaintiff, then a student at NCC, was struck by a 1977 Chevrolet dump truck where Route 27E and James Lane merge in East Hampton. The truck was operated by the third-party plaintiff Robert Sargent, and was owned by the third-party plaintiffs Donald Berkoski, Robert Berkoski, and B&D Construction, Inc.

After depositions were conducted, the defendants third-party plaintiffs commenced a third-party action against the third-party defendant, Carl Zeh Auto Repairs, Inc. The third-party bill of particulars asserted that if the plaintiff was injured in the manner alleged, then the third-party defendant was negligent in failing to properly inspect and repair the brakes of the third-party plaintiffs' vehicle (the dump truck) as requested by the third-party plaintiffs less than one week prior to the accident.

The Supreme Court denied the third-party defendant's motion for summary judgment. We affirm.

We agree with the Supreme Court that material issues of fact exist (see, CPLR 3212 [b]) as to whether the truck's brakes were faulty at the time of the accident, and if so, whether the third-party defendant's failure to tell the third-party plaintiffs of its inability to inspect the truck's brakes was a proximate cause of the plaintiff's injuries.

Accordingly, the Supreme Court properly denied the third-party defendant's motion for summary judgment. Rosenblatt, J. P., O'Brien, Ritter and Goldstein, JJ., concur.