CANDIDA PERALTA, Respondent-Appellant, v AMERICAN TELEPHONE AND TELEGRAPH COMPANY et al., Appellants-Respondents. [816 NYS2d 436]—

Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered July 1, 2005, which denied plaintiff's motion for partial summary judgment on her Labor Law § 240 (1) cause of action and, to the extent appealed from as limited by the brief, denied defendants' cross motion for summary judgment dismissing the section 240 (1) claim, unanimously modified, on the law, plaintiff's motion granted on the issue of liability, and otherwise affirmed, without costs.

Defendant landowners' argument that plaintiff worker's injuries, including a lacerated thumb, were not proximately caused by a gravity-related force when her unsecured, 12-foot ladder moved, causing her to lose balance at a height of nine feet and to grab onto an overhead air-duct brace as she slipped down two rungs of the ladder, lacks merit (*see e.g. Montalvo v J. Petrocelli Constr., Inc.*, 8 AD3d 173 [2004]; *Lacey v Turner*

*Constr. Co.*, 275 AD2d 734 [2000]). Unrefuted evidence that the unsecured ladder moved, combined with evidence that no other safety devices were provided to plaintiff, warranted a finding that the owners were absolutely liable under Labor Law § 240 (1), notwithstanding claims of comparative negligence (*see Velasco v Green-Wood Cemetery*, 8 AD3d 88 [2004]), or unsupported claims that plaintiff's conduct was the sole proximate cause of her injuries. Concur—Andrias, J.P., Marlow, Sullivan, Gonzalez and Sweeny, JJ.