■ RICKY CARDONA et al., Respondents, v HO-RO TRUCKING COMPANY, INC., Appellant. [920 NYS2d 334]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered on or about July 8, 2010, which, to the extent appealed from as limited by the briefs, denied that portion of defendant's motion seeking summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff, an employee of nonparty AZM Trucking, was operating a cab owned by AZM and hauling a trailer owned by defendant Ho-Ro Trucking Company, Inc., when the cab and trailer overturned on the ramp to the Van Wyck Expressway. AZM had subcontracted with Ho-Ro to haul and deliver trailers on Ho-Ro's behalf.

The court properly denied that branch of Ho-Ro's motion seeking summary judgment dismissing the complaint. Ho-Ro failed to meet its prima facie burden of establishing, as a matter of law, that plaintiff was its "special employee" so as to render the action barred by Workers' Compensation Law §§ 11 and 29. In particular, Ho-Ro's evidence does not demonstrate a "working relationship" with plaintiff "sufficient in kind and degree" to justify deeming Ho-Ro plaintiff's employer (*Fung v Japan Airlines Co., Ltd.*, 9 NY3d 351, 359 [2007]; *see Bellamy v Columbia Univ.*, 50 AD3d 160, 162-163 [2008]). Indeed, Ho-Ro's dispatcher testified that all drivers, whether they were Ho-Ro's direct hires, independent owner operators, or subcontractors, were required to fill out an application before they could deliver trailers on Ho-Ro's behalf, that AZM owned the cab that plaintiff operated and was responsible for the maintenance of the cab, and that AZM, not Ho-Ro, determined how plaintiff got paid. Ho-Ro does not dispute that an AZM employee administered plaintiff's road test and trained plaintiff before he began hauling loads on Ho-Ro's behalf. In addition, plaintiff's Workers' Compensation application ambiguously lists both Ho-Ro and the owner of AZM as plaintiff's employer.

The court properly determined that the parties' expert affidavits raise triable issues of fact as to whether Ho-Ro exercised reasonable care in maintaining the trailer's brakes, and as to the proximate cause of the accident (*see Hores v Sargent*, 230 AD2d 713, 714 [1996]). Concur—Mazzarelli, J.P., Sweeny, Renwick, Richter and Manzanet-Daniels, JJ.