■ KEITH LUEBKE, Respondent, v MBI GROUP et al., Defendants, and PINNACLE CONTRACTORS OF NY, INC., et al., Appellants. [997 NYS2d 379]—

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered January 23, 2014, which granted plaintiff's motion for reargument and, upon reargument, denied defendants Pinnacle Contractors of NY, Inc. and Prudential Douglas Elliman Real Estate's motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

The court properly considered plaintiff's untimely motion to reargue, made while an appeal was pending, since it has jurisdiction to reconsider its prior interlocutory orders during the pendency of the action without regard to the statutory time limits for motions to reargue (*Profita v Diaz*, 100 AD3d 481 [1st Dept 2012]).

Plaintiff was allegedly injured when he attempted to exit the building through a glass door, and the door fell on him because pins had come loose from the hinges. Defendants failed to establish that they did not have actual or constructive notice of this dangerous work site condition, and thus are not entitled to summary dismissal of the Labor Law § 200 and common-law negligence claims (*see Burton v CW Equities, LLC*, 97 AD3d 462 [1st Dept 2012]). Defendant Pinnacle's project manager and defendant Prudential's facilities director failed to recall whether it was before or after plaintiff's accident that they saw a defective hinge on the door. The project manager's inconsistent testimony elsewhere in his deposition that he first learned of the defect

when it was reported to him after the accident merely presents an issue of credibility to be determined by the trier of fact (*Yaziciyan v Blancato*, 267 AD2d 152 [1st Dept 1999]). Issues of fact are also raised by apparent discrepancies in the documentary evidence submitted by defendants as to when the door hinges were repaired. In any event, plaintiff raised issues of fact by submitting an affidavit by his foreman, who averred that the door repeatedly became dislodged from its frame when he walked through it during the one-week period immediately preceding the accident, requiring him to correct this defect manually by resetting the door into its frame; that Pinnacle's project manager visited the site about once or twice a week; and that Pinnacle's laborers repeatedly transported materials through the door, which was the only means of ingress or egress on the site, during visits by the Pinnacle manager.

Defendants failed to establish their entitlement to summary dismissal of the Labor Law § 241 (6) claim. Contrary to their argument that plaintiff was not injured at a "building or other structure in the course of demolition" (Industrial Code [12 NYCRR] § 23-3.3 [f]), the gut renovation project involved the destruction of interior walls, which altered "the structural integrity of the building" and therefore constitutes demolition (*see Cardenas v One State St., LLC*, 68 AD3d 436, 439 [1st Dept 2009] [internal quotation marks omitted]). Defendants also failed to establish that plaintiff's accident was not caused by a failure to provide "safe access to and egress from" the building, which "shall consist of entrances . . . so protected as to safeguard the persons using such means from the hazards of falling . . . materials" (12 NYCRR 23-3.3 [f]). Concur—Tom, J.P., Friedman, Andrias, Feinman and Kapnick, JJ. **[Prior Case History: 2014 NY Slip Op 30168(U).]**