Terc v 535 Coster Realty Inc. (2019 NY Slip Op 07546)





Terc v 535 Coster Realty Inc.


2019 NY Slip Op 07546


Decided on October 22, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 22, 2019

Renwick, J.P., Gische, Tom, Gesmer, Moulton, JJ.


10163 302163/16

[*1] Domingo Feliz Terc, Plaintiff-Appellant-Respondent,
v
535 Coster Realty Inc., Defendant-Respondent-Appellant.


Chirico Law PLLC, Brooklyn (Vincent Chirico of counsel), for appellant-respondent.
Weiner, Millo, Morgan & Bonanno, LLC, New York (Bryan Lipsky of counsel), for respondent-appellant.



Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered on or about May 7, 2018, which denied plaintiff's motion for partial summary judgment on his causes of action under Labor Law §§ 240(1) and 241(6), denied defendant's motion for summary judgment dismissing the complaint, and granted plaintiff summary judgment to the extent of dismissing defendant's tenth affirmative defense, unanimously affirmed, without costs.
Plaintiff's deposition testimony, that he was hired to dismantle portions of a 25-foot tall dust collecting tank on defendant's rooftop, which necessitated use of a ladder to access an opening in the tank that was approximately 14 feet above the roof's surface, established prima facie that he was engaged in an activity protected under Labor Law § 240(1) at the time he fell off the ladder (see Montalvo v J. Petrocelli Connstr., Inc., 8 AD3d 173, 175 [1st Dept 2004]; Wasilewski v Museum of Modern Art, 260 AD2d 271 [1st Dept 1999]). However, summary resolution of the Labor Law § 240(1) claim is precluded by the testimony of defendant's coworker, who raised factual issues as to whether plaintiff's assigned work entailed only nonstatutorily-protected cleaning or maintenance of a dust collecting tank (see Soto v J. Crew, Inc., 21 NY3d 562, 568-569 [2013]; see Luebke v MBI Group, 122 AD3d 514, 515 [1st Dept 2014]).
Plaintiff's request for partial summary judgment on his Labor Law § 241(6) claims, which are founded on an alleged
non-compliance with Industrial Code sections 23-1.21(b)(4)(i) and (iv), is unavailing. Plaintiff's evidence does not support a finding that the ladder at issue warranted being nailed or otherwise securely fastened or affixed due to use as a "regular means" of access between two levels of either a building or structure (12 NYCRR 23-1.21[b][4][i]). Further, it is unclear whether plaintiff was standing on a rung of the ladder that was at least 10 feet off the ground at the time of his fall, precluding a finding, as a matter of law, that 12 NYCRR 1.21(b)(4)(iv) was violated.
Defendant's affirmative defense that plaintiff was either its general employee or special employee, entitling it to dismissal of the complaint based on application of the exclusivity provisions in Workers' Compensation Law §§ 11 and 29(6), was properly dismissed. Plaintiff established that he was hired and paid by a nonparty building supply company, and injured while working under the direction and supervision of that building supply company. There is no evidence that defendant had a working relationship with plaintiff sufficient in kind and degree to support its contention that plaintiff had been transferred to serve as its special employee for this task (see Gonzalez v Lovett Assoc., 228 AD2d 342 [1st Dept 1996]; see Cardona v Ho-Ro Trucking Co., Inc., 83 AD3d 428, 429 [1st Dept 2011]; Fung v Japan Airlines Co., Ltd., 9 NY3d [*2]351, 358-360 [2007]).
We have considered the parties' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 22, 2019
CLERK