Clemente v 205 W. 103 Owners Corp. (2020 NY Slip Op 01117)





Clemente v 205 W. 103 Owners Corp.


2020 NY Slip Op 01117


Decided on February 18, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 18, 2020

Renwick, J.P., Manzanet-Daniels, Kern, Oing, González, JJ.


10847 301074/13

[*1] Raymond Clemente, Plaintiff-Appellant,
v
205 West 103 Owners Corp., et al., Defendants-Respondents, R & L Realty Associates, et al., Defendants. [And A Third-Party Action.]


Hecht, Kleeger & Damashek, P.C., New York (Ephrem J. Wertenteil of counsel), for appellant.
Brooks, Berne & Herndon PLLC, Elmsford (Michael Andreou of counsel), for 205 West 103 Owners Corp., respondent.
Law Office of Kevin P. Westerman, Elmsford (Jonathan R. Walsh of counsel), for 103 W. Coop, LLC and CIDH-VCMB, LLC, respondents.



Order, Supreme, Bronx County (Lucindo Suarez, J.), entered November 30, 2017, which denied plaintiff's motion for partial summary judgment on liability on his Labor Law §§ 240(1) and 241(6) claims, and granted the motion of defendant 205 West 103 Owners Corp. (Owners Corp.) and the cross motion of defendants 103 W. Coop, LLC (103 Coop) and CIDH-VMBC LLC's (CIDH) for summary judgment dismissing the complaint, unanimously modified, on the law, to deny defendants' motion and cross motion insofar as they sought dismissal of the Labor Law § 240(1) claim, the Labor Law § 241(6) claim predicated upon Industrial Code § 23-3.3(b)(3) and (c), and the claims for common law negligence and Labor Law § 200, and the matter remanded for consideration of the portion of Owners Corp.'s motion seeking summary judgment on its contractual indemnification claim against 103 Coop, and otherwise affirmed, without costs.
Plaintiff alleges he was injured during the course of work renovating a cooperative apartment unit owned by defendant 103 Coop in a building owned by defendant Owners Corp., when the bathroom ceiling collapsed on him. Defendant CIDH acted as general contractor. The renovation included, inter alia, the demolition of two of the existing bathroom walls and moving the location of one. Plaintiff had just finished stripping plaster from two of the bathroom walls when the accident occurred.
Initially, we find that the motion court improperly dismissed the Labor Law § 240(1) claim. To prevail on a Labor Law § 240(1) claim based on an injury resulting from the failure of a completed and permanent building structure (in this case, the collapse of a ceiling), a plaintiff must show that the failure of the structure in question was a foreseeable risk of the task he was performing, creating a need for protective devices of the kind enumerated in the statute (Jones v 414 Equities LLC, 57 AD3d 65, 80 [1st Dept 2008]; see also Mendoza v Highpoint Assoc., IX, LLC, 83 AD3d 1 [1st Dept 2011]; Espinosa v Azure Holdings II, LP (58 AD3d 287 [1st Dept 2008]).
Here, there are issues of fact as to whether the ceiling was in such an advanced state of disrepair due to water damage that plaintiff's work on the bathroom walls exposed him to a foreseeable risk of injury from an elevation-related hazard, the fall of the ceiling, and whether the absence of a type of protective device enumerated under Labor Law § 240(1) was a proximate [*2]cause of his injuries. Because the evidence of water stains on the bathroom ceiling could provide constructive notice of a dangerous condition, summary judgment dismissing plaintiff's common-law negligence and Labor Law § 200 claims was also improperly granted.
We reject defendants' contention that plaintiff's affidavit, indicating he had observed water stains prior to the ceiling collapse, was a feigned attempt to avoid his prior deposition testimony. In his deposition testimony, plaintiff testified that, before the accident, he had not observed any portion of the ceiling damaged or missing. Plaintiff's deposition testimony is not irreconciliable or wholly inconsistent with plaintiff's affidavit submitted in opposition to defendant's motion for summary judgment and in support of plaintiff's motion for summary judgment. There is a difference between damage and stains. Thus, that plaintiff did not notice any breaks or missing pieces in the ceiling does not mean that he did not notice any stains. Nor can we place blame on plaintiff for not answering a question that he was never asked. "Where an affidavit can be reconciled with prior testimony, it cannot be regarded as merely a self-serving allegation calculated to contradict an admission made in the course of previous testimony" (Kalt v Ritman, 21 AD3d 321, 323 [1st Dept 2005] [internal quotation marks and citation omitted]).
Finally, we find that the motion court improperly dismissed the Labor Law § 241(6) claim. Defendants failed to show that plaintiff was not engaged in demolition work to trigger Labor Law § 241(6). His task was part of a larger project that included the demolition of interior walls, "which altered the structural integrity of the building'" (Luebke v MBI Group, 122 AD3d 514, 515 [1st Dept 2014]; see Perillo v Lehigh Constr. Group, Inc., 17 AD3d 1136 [4th Dept 2005]; Industrial Code § 23-1.4[b][16]). Issues of fact exist as to whether Industrial Code § 23-3.3(b)(3) and (c), pertaining to demolition, were violated or whether any such violation was a proximate cause of plaintiff's injuries.
In light of the modification reinstating plaintiff's Labor Law claims and common-law negligence claims against defendant Owners Corp., we remand for consideration of Owners Corp.'s motion on its claim for contractual indemnification against 103 Coop.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 18, 2020
CLERK