Winkler v Halmar Intl., LLC (2021 NY Slip Op 06569)





Winkler v Halmar Intl., LLC


2021 NY Slip Op 06569


Decided on November 23, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 23, 2021

Before: Kern, J.P., Gesmer, González, Shulman, Higgitt, JJ. 


Index No. 150694/14, 595095/15, 595523/15 Appeal No. 14696 Case No. 2020-01818 

[*1]Doreen Ellen Winkler etc., Plaintiff-Respondent,
v
Halmar International, LLC, et al., Defendants-Appellants-Respondents, Haks Group, Inc., et al., Defendants-Respondents, The City of New York et al., Defendants-Respondents-Appellants, JA Underground Professional Corporation, Doing Business as Jacobs Associates, Defendant-Respondent.
The City of New York et al., Third-Party Plaintiffs-Respondents-Appellants,
v
Precision Concrete Pumping, Inc., Third-Party Defendant. [And A Second-Third Party Action.]


Shaub, Ahmuty, Citrin & Spratt LLP, Lake Success (Jonathan P. Shaub of counsel), for appellants-respondents.
Cerussi & Spring, P.C., White Plains (Christopher Roberta of counsel), respondents-appellants.
Arye, Lustig & Sassower, P.C., New York (D. Carl Lustig, III of counsel), for Doreen Ellen Winkler, respondent.
Byrne & O'Neill, LLP, New York (Elaine C. Gangel of counsel), for Haks Group, Inc., Haks Engineers, Architects and Land Surveyors, P.C., respondents.
Donovan Hatem LLP, New York (Scott Winikow of counsel), for JA Underground Professional Corporation, respondent.



Order, Supreme Court, New York County (Margaret A. Chan, J.), entered October 1, 2019, which, insofar as appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment on the Labor Law § 240(1) claim and the Labor Law § 241(6) claim predicated on a violation of Industrial Code (12 NYCRR) § 23-2.2(a) as against defendants City of New York (the City) and New York City Department of Environmental Protection (DEP) (collectively, the City defendants) and defendants Halmar International, LLC (Halmar International), Halmar Construction Corp., and Halmar International Construction, LLC (collectively, Halmar) and on the Labor Law § 200 claim as against Halmar, and denied Halmar's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
The record demonstrates as a matter of law that the City defendants were owners, within the meaning of Labor Law §§ 240(1) and 241(6), of a site in Maybrook, New York, selected for the construction of a concrete mockup of an aqueduct in preparation for the construction work on an aqueduct in Gardiner, New York, for which the City defendants had contracted. Although the City defendants were not title owners of the property, they had an interest in the Maybrook site and "fulfilled the role of owner by contracting to have work performed for [their] benefit" (Scaparo v Village of Ilion, 13 NY3d 864, 866 [2009] [internal quotation marks and brackets omitted]) by approving the contractually required construction of a mockup. The deposition testimony of the City's witness shows that, after learning that the Maybrook site had been selected for the mockup, DEP accepted the change of location based on a determination that its contract with Halmar International permitted the mockup to be built at that location and that DEP requested advance notice of any work performed at Maybrook to allow a resident engineer to inspect the site.
The record demonstrates as a matter of law that Halmar International was not the decedent's special employer, which would render the action barred as against it by Workers' Compensation Law §§ 11 and 29. Halmar International failed to rebut the presumption against special employment by showing "conclusively that it . . . assumed exclusive control over the manner, details and ultimate result of the employee's work" (Bellamy v Columbia Univ., 50 AD3d 160, 162 [1st Dept 2008] [internal quotation marks omitted]). The decedent's general employer, third-party defendant Precision Concrete Pumping, Inc. (Precision), retained some control over his work, such as by employing a dispatcher who assigned the decedent to perform the work on the day of the accident. The testimony of Precision's operations manager indicated that if the decedent had any safety concern about his work as a pump truck operator, he would call a Precision employee: either the operations manager or a dispatcher who would relay the concern to the operations manager. Precision [*2]provided its own concrete pump truck to the decedent (see Cardona v Ho-Ro Trucking Co., Inc., 83 AD3d 428 [1st Dept 2011]) and generally provided protective gear such as hard hats to concrete pump truck operators. Under the circumstances, the evidence that Halmar International gave some specific instructions to the decedent as to the manner of his work is not dispositive (see e.g. Holmes v Business Relocation Servs., Inc., 117 AD3d 468, 469 [1st Dept 2014], affd 25 NY3d 955 [2015]).
We decline to take judicial notice of findings allegedly made in a proceeding before the Workers' Compensation Board. Halmar International argues that the findings would have preclusive effect in this action but failed to provide any records of that proceeding to the motion court or to this Court and offered no excuse for that failure (see Walker v City of New York, 46 AD3d 278, 282-283 [1st Dept 2007]).
Defendants Halmar Construction Corp. and Halmar International Construction, LLC's conclusory contentions that the complaint should have been dismissed as against them because they had no involvement with the project are unsupported by the record.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 23, 2021