Bernardez v 70 Franklin Place LLC (2022 NY Slip Op 03471)





Bernardez v 70 Franklin Place LLC


2022 NY Slip Op 03471


Decided on May 31, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 31, 2022

Before: Webber, J.P., Kern, Oing, Scarpulla, Pitt, JJ. 


Index No. 23381/14E, 41357/14E, 43248/16E Appeal No. 16040 Case No. 2021-01649 

[*1]Kevin Bernardez, Plaintiff-Appellant,
v
70 Franklin Place LLC et al., Defendants-Respondents, Environmental Appraisers & Builders LLC et al., Defendants.
LF Franklin LLC et al., Third-Party Plaintiffs-Respondents,
v
ELMAC Electric Inc., Third-Party Defendant. (And Another Third-Party Action.)


Law Offices of Daniel A. Thomas, P.C., New York (Daniel A. Thomas of counsel), for appellant.
Law Office of James J. Toomey, New York (Michael J. Kozoriz of counsel), for 70 Franklin Place LLC, respondent.
Cartafalsa Slattery Turpin & Lenoff, New York (Michael Lenoff of counsel), for LF Franklin LLC and Centaur Properties, LLC, respondents.



Order, Supreme Court, Bronx County (Theresa M. Ciccotto, J.), entered on or about April 30, 2021, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion to amend the bill of particulars and for partial summary judgment on his claims, and granted defendant 70 Franklin Place LLC's motion for summary judgment dismissing the Labor Law § 241(6) claim, unanimously affirmed, without costs.
Plaintiff electrician was working in the basement of a renovation project owned and managed by defendants-respondents (defendants) when the floor beneath him collapsed and he fell partially through the opening. The motion court correctly denied plaintiff's motion to amend the bill of particulars to add an allegation that defendants violated Industrial Code (12 NYCRR) § 23-3.3(c). There is no evidence that the hand demolition work plaintiff performed in the basement in removing old electrical equipment from the walls had a causal relationship with the floor. Further, because plaintiff relied only on that provision on appeal, we find that dismissal of his Labor Law § 241(6) claim was appropriate.
The court also correctly found that questions of fact exist as to whether defendants were on notice that the collapse was foreseeable in light of the condition of the basement and sub-basement, as depicted in photographs submitted by plaintiff (see Jones v 414 Equities LLC, 57 AD3d 65, 79-80 [1st Dept 2008]; see also Clemente v 205 W. 103 Owners Corp., 180 AD3d 516, 517 [1st Dept 2020]; Mendoza v Highpoint Assoc., IX, LLC, 83 AD3d 1, 11-12 [1st Dept 2011]. Thus, summary judgment in plaintiff's
favor on his negligence and Labor Law §§ 200 and 240(1) claims was not warranted.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 31, 2022