| |
|---|
| **Sarita v West Riv. Apts. Inc** |
| 2025 NY Slip Op 31642(U) |
| May 5, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 161292/2017 |
| Judge: Verna L. Saunders |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. VERNA L. SAUNDERS, JSC**      PART   36
                                            *Justice*

------------------------------------------------------------------X

PATRICIO SARITA,

                    Plaintiff,

          - v -

WEST RIVER APARTMENTS INC, 618 RIVERSIDE DRIVE
OWNERS, INC., and NY MARKET REAL ESTATE,
                    Defendants.

------------------------------------------------------------------X

618 RIVERSIDE DRIVE OWNERS, INC. and
NY MARKET REAL ESTATE,

                    Third-Party Plaintiffs,

          -against-

PANOS MANAGEMENT, INC. and
PANAGIOTIS MOUTSAKIS,
                    Third-Party Defendants.

------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 161292/2017 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595928/2020

The following e-filed documents, listed by NYSCEF document number (Motion 001) 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 70, 71, 74, 75, 76, 77, 78, 79, 80, 81, 82

were read on this motion to/for                **SUMMARY JUDGMENT**        .

      This is an action to recover damages for personal injuries allegedly sustained by a worker on December 2, 2017, when, while working at 640 West 139th Street, Unit 62, New York, New York (the, "apartment"), he fell from a ladder. Plaintiff Patricio Sarita now moves, pursuant to CPLR 3212, for summary judgment in his favor as to liability on his Labor Law § 240(1) claim against defendant 618 Riverside Drive Owners, Inc. ("Riverside").[1]

      On the day of the accident, Riverside owned 640 West 139th Street (the, "building"), a residential cooperative building. Defendant NY Market Real Estate ("NY Market") managed the building. Third-party defendant Panagiotis Moutsakis a/k/a "Pete" Moutsakis ("Moutsakis") owned 24 or 25 of the apartments at the building, including the apartment. Third-party defendant Panos Management, Inc. ("Panos"), solely owned by Moutsakis, managed Moutsakis' apartments. Panos hired plaintiff to remodel the apartment (the, "project").

      Plaintiff testified that on the day of the accident, he was employed by Moutsakis. Moutsakis owned several apartments in the building, including the apartment. Plaintiff's work

---

[1] By stipulation of discontinuance filed on April 11, 2019, plaintiff discontinued his action against defendant West River Apartments, Inc. (NYSCEF Doc. No. 13).

**161292/2017 SARITA, PATRICIO vs. WEST RIVER APARTMENTS INC**
Motion No. 001

Page 1 of 6

1 of 6

INDEX NO. 161292/2017

RECEIVED NYSCEF: 05/06/2025

entailed "[c]onstruction". Specifically, Moutsakis wanted plaintiff to "remodel the apartment". Plaintiff began working in November 2017. Moutsakis hired him to "put up sheetrock, paint, and [to install the] floor". Moutsakis provided all the materials. He also provided plaintiff with a ladder and some hand tools. The ladder was a six-foot metal, A-frame ladder (the, "ladder"). Moutsakis had provided plaintiff with the ladder at least a year prior to the accident, and plaintiff had used it to repair other units that Moutsakis owned in the building. On the day of the accident, plaintiff was the only person in the apartment. That day, he used the ladder to install sheetrock and for framing. He did not notice any issues with the ladder.

Plaintiff testified that, prior to the accident, he had inspected the ladder and made sure that it was stable and secure before he climbed it. Plaintiff then climbed the ladder, stood on the third rung from the top, approximately four to five feet up, and began installing "a piece of wood". He held a drill in one hand and a two-foot-long piece of two-by-four in the other. As he was installing the wood, "suddenly, the ladder moved, and [plaintiff] fell". Specifically, "the ladder fell first and then [plaintiff] fell". He did not know what caused the ladder to move and fall.

At his deposition, plaintiff was shown a document and confirmed that he had signed it. He did not know what it said, but he testified that Moutsakis told him it was a contract for the work plaintiff performed in the apartment. Plaintiff also testified that he had his own wooden ladder that he brought to the apartment, but he did not use it on the day of the accident. The wooden ladder did not have a tray built into it to place screws and other materials. The subject ladder did. (NYSCEF Doc. No. 76, *plaintiff's EBT*).

Plaintiff provides a copy of his affidavit, signed and dated April 15, 2024. His affidavit reiterates that plaintiff was hired by Moutsakis to renovate the apartment (plaintiff's affidavit, ¶ 1), and that Moutsakis provided all materials and the ladder. Plaintiff also stated that he climbed the ladder to the third or fourth rung when the ladder "move[d] and tilt[ed] to the left suddenly and unexpectedly" which caused plaintiff to "lose [his] balance and fall". Plaintiff further stated that the ladder was not secured in any way at the time of the accident, that no one was holding the ladder steady, and that he was not provided with any "harness or fall protection". Finally, plaintiff stated that there was a wooden A-frame ladder in the apartment, but the metal ladder was "the most suitable option available as it was the only one equipped with a work platform that could be used to store [his] tools and supplies as necessary while framing" (NYSCEF Doc. No. 51, *plaintiff's aff*).

Moutsakis testified that plaintiff was a contractor that he hired to perform repairs in the apartment. Specifically, plaintiff was hired through Moutsakis' company Panos Management. He did not provide plaintiff with any safety equipment or instructions. He did not go to the premises during construction. Plaintiff was hired to perform "[p]ainting, put up sheetrock". Plaintiff was hired pursuant to a contract. Moutsakis bought all the materials for the project. Moutsakis testified that he did not provide plaintiff with any ladders. Moutsakis first learned of the accident from the building superintendent two or three days after it happened (NYSCEF Doc. No. 66, *Moutsakis EBT*).[2]

---

[2] Only the second day of Moutsakis' deposition testimony is included in the moving papers.

**161292/2017 SARITA, PATRICIO vs. WEST RIVER APARTMENTS INC**
Motion No. 001

**Page 2 of 6**

[* 2]

Vasilios Neroulias testified that on the day of the accident, he was the owner of NY Market, a property management company. It manages the building. His duties included "dealing with repairs, dealing with insurance, dealing with governmental issues" and general maintenance and cleaning. The building is a cooperative apartment building. Moutsakis owns the shares for the apartment. Neroulias also testified that Moutsakis has used a commercial space in the basement of the premises to store equipment such as ladders (NYSCEF Doc. No. 62, *Neroulias EBT*).

"[T]he proponent of a summary judgment motion must make a *prima facie* showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact. Failure to make such prima facie showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Pullman v Silverman*, 28 NY3d 1060, 1062 [internal quotation marks and citations omitted]). Once prima facie entitlement has been established, in order to defeat the motion, the opposing party must "'assemble, lay bare, and reveal his [or her] proofs in order to show his [or her] defenses are real and capable of being established on trial . . . and it is insufficient to merely set forth averments of factual or legal conclusions'" (*Genger v Genger*, 123 AD3d 445, 447 [1st Dept 2014], quoting *Schiraldi v U.S. Min. Prods.*, 194 AD2d 482, 483 [1st Dept 1993]). "Summary judgment must be denied where there is any doubt as to the existence of a triable issue . . . or where the issue is arguable" (*Genesis Merchant Partners, L.P. v Gilbride, Tusa, Last & Spellane, LLC*, 157 AD3d 479, 482 [1st Dept 2018] [internal quotation marks and citations omitted]).

Plaintiff moves for summary judgment in his favor on his Labor Law § 240(1) claim as against Riverside.

Labor Law § 240(1), known as the Scaffold Law, provides as relevant:

> "All contractors and owners and their agents . . . in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed."

Labor Law § 240(1) "imposes a nondelegable duty on owners and contractors to provide devices which shall be so constructed, placed and operated as to give proper protection to those individuals performing the work" (*Quiroz v Memorial Hosp. for Cancer & Allied Diseases*, 202 AD3d 601, 604 [1st Dept 2022] [internal quotation marks and citations omitted]). It "'was designed to prevent those types of accidents in which the scaffold . . . or other protective device proved inadequate to shield the injured worker from harm directly flowing from the application of the force of gravity to an object or person'" (*John v Baharestani*, 281 AD2d 114, 118 [1st Dept 2001], quoting *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [1993]).

The absolute liability found within section 240 "is contingent upon the existence of a hazard contemplated in section 240(1) and the failure to use, or the inadequacy of, a safety

161292/2017 SARITA, PATRICIO vs. WEST RIVER APARTMENTS INC
Motion No. 001

Page 3 of 6

[* 3]

device of the kind enumerated therein" (*O'Brien v Port Auth. of N.Y. & N.J.*, 29 NY3d 27, 33 [2017] [internal quotation marks and citation omitted]; *Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 267 [2001]). Therefore, section 240(1) "does not cover the type of ordinary and usual peril to which a worker is commonly exposed at a construction site" (*Buckley v Columbia Grammar & Preparatory*, 44 AD3d 263, 267 [1st Dept 2007]). Therefore, to prevail on a Labor Law § 240(1) claim, a plaintiff must establish that the statute was violated, and that this violation was a proximate cause of the plaintiff's injuries (*Barreto v Metropolitan Transp. Auth.*, 25 NY3d 426, 433 [2015]).

"'Where a ladder is offered as a work-site safety device, it must be sufficient to provide proper protection. It is well settled that [the] failure to properly secure a ladder, to ensure that it remain steady and erect while being used, constitutes a violation of Labor Law § 240(1)'" (*Montalvo v J. Petrocelli Constr., Inc.*, 8 AD3d 173, 174 [1st Dept 2004], quoting *Kijak v 330 Madison Ave. Corp.*, 251 AD2d 152, 153 [1st Dept 1998]). "Whether the device provided proper protection is a question of fact, except when the device collapses, moves, falls or otherwise fails to support the plaintiff and his materials" (*Pai v Nelson Senior Hous. Dev. Fund Corp.*, 232 AD3d 822, [2d Dept 2024] [internal quotation marks and citation omitted]).

Initially, plaintiff argues that Riverside, as the owner of the cooperative building itself, is a proper Labor Law defendant, notwithstanding any lack of notice or control over the project (see e.g., *Sanatass v Consol. Inv. Co., Inc.*, 10 NY3d 333, 340 [2008] [a cooperative corporation "may not escape strict liability as an owner based on its lack of notice or control over the work ordered by its tenant"]; *Guryev v Tomchinsky* 20 NY3d 194, 201 [2012] [noting that cooperative corporations have been found to be owners under the Labor Law]). Importantly, Riverside does not contest that it is a proper Labor Law defendant, instead only arguing for denial of the motion on the merits of plaintiff's claim. The court now turns to the merits.

Here, plaintiff testified that the subject ladder "suddenly" moved and fell over, causing him to fall to the floor (*plaintiff's tr* at 41; *plaintiff's aff*, ¶ 8). Plaintiff also stated that there was no other safety device provided to him and that the ladder was otherwise unsecured to prevent it from falling over (*plaintiff's aff*, ¶ 10; *plaintiff's tr* at 39). Accordingly, plaintiff has established his *prima facie* entitlement to summary judgment in his favor (*Peralta v Am. Tel. and Tel. Co.*, 29 AD3d 493, 494 [1st Dept 2006] ["Unrefuted evidence that the unsecured ladder moved, combined with evidence that no other safety devices were provided to plaintiff, warranted a finding that the owners were absolutely liable under Labor Law § 240(1)"]).

In opposition, Riverside argues that summary judgment is not warranted because plaintiff's affidavit conflicts with plaintiff's own testimony, creating a credibility issue. This argument is unpersuasive. Plaintiff's affidavit and testimony do not conflict (*see* plaintiff's tr at 41 ["suddenly, the ladder moved, and [plaintiff] fell"]; plaintiff's affidavit ¶ 8 ["[plaintiff] felt the ladder move and tilt to the left suddenly and unexpectedly"]). Plaintiff's testimony does not conflict with his more detailed subsequent affidavit and does not create an alternate version of the accident that would call his credibility into question (*see Clemente v 205 West 103 Owners Corp.* 180 AD3d 516, 517 [1st Dept 2020]). Accordingly, nothing in the record contradicts or controverts plaintiff's description of the accident.

**161292/2017  SARITA, PATRICIO vs. WEST RIVER APARTMENTS INC**
Motion No. 001

Page 4 of 6

4 of 6

[* 4]

Similarly, Riverside argues that summary judgment is improper because plaintiff's accident was unwitnessed. However, "[t]he fact that plaintiff was the only witness to his accident does not preclude summary judgment in his favor, since nothing in the record controverts his account of the accident or calls his credibility into question" (*Rroku v West Rac Contr. Corp.*, 164 AD3d 1176, 1177 [1st Dept 2018]).

Next, Riverside argues that a question of fact exists as to who provided the ladder (whether plaintiff brought it to the apartment, or whether Moutsakis provided it to him). This argument does not raise a question of fact, as "conflicting testimony as to who provided the subject ladder [is] irrelevant to the dispositive issue of whether defendants provided plaintiff with proper protection" under Labor Law § 240(1) (*Ortiz v Burke Ave. Realty, Inc.*, 126 AD3d 577, 578 [1st Dept 2015]).

Riverside also argues that summary judgment is not warranted because plaintiff has failed to identify a defect in the ladder. However, a plaintiff is "not required to demonstrate that a ladder is defective in order to establish prima facie entitlement to summary judgment under Labor Law § 240(1) (*Lin v 100 Wall St. Prop. L.L.C.*, 193 AD3d 650, 651 [1st Dept 2021]).

Next, Riverside argues that a question of fact exists because plaintiff did not know why the ladder moved. However, it has long been held that ladders that "collapse or malfunction for no apparent reason" sufficiently establish a "presumption that the ladder . . . was not good enough to afford proper protection" (*Blake v Neighborhood Hous. Services of New York City, Inc.*, 1 NY3d 280, 289, fn 8 [2003]; *Hill v City of New York*, 140 AD3d 568, 570 [1st Dept 2016] ["It is sufficient for purposes of liability under section 240(1) that adequate safety devices to prevent the ladder from slipping or to protect plaintiff from falling were absent"]; quoting *Orellano v 29 E 27th St. Realty Corp.*, 292 AD2d 289, 291 [1st Dept 2002]).

In addition, Riverside's argument that plaintiff was recalcitrant because he chose to use the subject ladder rather than another ladder is unpersuasive. Riverside does not establish that plaintiff was directed to use one ladder over another and that he "chose for no good reason not to do so" (*Biaca-Neto v Boston Rd. II Hous. Dev. Fund Corp.*, 34 NY3d 1166, 1168 [2020]). Rather, plaintiff explained that he used the ladder because it was equipped with a shelf for tools and materials, while the other ladder did not have a shelf (*plaintiff's tr at 60-61*).

Finally, to the extent that Riverside argues that plaintiff was the sole proximate cause of his accident, he was not. Plaintiff has established that he was not provided with proper protection to allow him to safely work from a height, in violation of section 240(1). "[I]t is conceptually impossible for a plaintiff's negligence to be the sole proximate cause of an accident where, as here, it is shown that a violation of Labor Law § 240(1) was a concurrent cause of the accident" (*Suazo v 501 Madison-Sutton LLC*, 235 AD3d 513 [1st Dept 2025]). Given the foregoing, plaintiff is entitled to summary judgment in his favor on his Labor Law § 240(1) claim as against Riverside. The parties remaining arguments have been considered and were unavailing. For the foregoing reasons, it is hereby

**161292/2017 SARITA, PATRICIO vs. WEST RIVER APARTMENTS INC**
**Motion No. 001**

Page 5 of 6

**ORDERED** that the motion of plaintiff Patricio Sarita, pursuant to CPLR 3212, for summary judgment in his favor on his Labor Law § 240(1) claim against defendant 618 Riverside Drive Owners, Inc. is granted; and it is further

**ORDERED** that, within twenty (20) days after this decision and order is uploaded to NYSCEF, counsel for plaintiff shall serve a copy of this decision and order, with notice of entry, upon defendants, as well as the Clerk of the Court, who shall enter judgment accordingly.

This constitutes the decision and order of the court.

_____May 5, 2025_____

HON. VERNA L. SAUNDERS, JSC

| CHECK ONE: | | CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | ☒ | GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☐ | OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | | ☐ SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ | REFERENCE |

**161292/2017  SARITA, PATRICIO vs. WEST RIVER APARTMENTS INC**
Motion No. 001

Page 6 of 6

6 of 6

[* 6]