**Avenue A at St Marks Assoc., LLC v Badiyi**

2026 NY Slip Op 30138(U)

January 30, 2026

Civil Court of the City of New York, New York County

Docket Number: Index No. L&T 317424/23

Judge: Clinton J. Guthrie

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK: HOUSING PART D
-----------------------------------------------------------------X
AVENUE A AT ST MARKS ASSOCIATES, LLC,
AVENUE A SCHNEIDER PARTNERS, LLC,

                                                           Index No. L&T 317424/23
                  Petitioners,

          -against-                                **DECISION/ORDER**

TANIA BADIYI, NATASHA BADIYI,

                  Respondents.
-----------------------------------------------------------------X
Present:

       Hon. <u>CLINTON J. GUTHRIE</u>
           Judge, Housing Court

Recitation, as required by CPLR § 2219(a), of the papers considered in the review of respondent Tania Badiyi's motion to dismiss, or in the alternative, for summary judgment, for leave to amend, and for leave to reargue, respectively (seq. 6):

| **Papers** | **Numbered** |
|---|---|
| Notice of Motion & All Documents Annexed…………....….... | 1 (NYSCEF #47-51) |
| Notice of Cross-Motion & All Documents Annexed……....….. | 2 (NYSCEF #52-57) |
| Affirmation in Further Support (Reply)………….…..………. | 3 (NYSCEF #58) |
| Reply Affirmation in Support of Cross-Motion……………... | 4 (NYSCEF #59) |

Upon the foregoing cited papers, the decision and order on respondent's motion is as follows.

<u>PROCEDURAL HISTORY</u>

      This summary nonpayment proceeding was commenced in September 2023. Respondent Tania Badiyi ("respondent") filed a pro se answer on September 18, 2023. Counsel appeared for respondent in December 2023. The parties consented to the amendment of respondent's answer on January 29, 2024. Thereafter, petitioners moved to strike respondent's amended answer. By Decision/Order dated June 6, 2025, Judge Joan Rubel granted the striking of respondent's

1

[* 1]

amended answer; however, Judge Rubel denied petitioners' request for a judgment and warrant of eviction.

After Judge Rubel's June 6, 2025 Decision/Order was issued, respondent moved for discovery and petitioners made a cross-motion for use and occupancy. By Decision/Order dated September 10, 2025, this court denied both respondent's motion for discovery and petitioners' cross-motion for use and occupancy. Respondent now moves for dismissal, or in the alternative, for summary judgment, leave to amend the answer, and/or for reargument of Judge Rubel's June 6, 2025 Decision/Order. Petitioners also cross-moved to amend the petition to correct the name of the petitioners, which was granted on consent on October 3, 2025. This court heard argument on respondent's motion on the same date.

DISCUSSION/CONCLUSION

Respondent seeks dismissal on the basis that petitioners fail to state sufficient facts regarding the subject premises' regulatory status and petitioners' interest in the subject premises. Petitioners oppose dismissal in all respects.

On a motion to dismiss, the complaint (or petition, as here) "must be construed in the light most favorable to [petitioner] and all factual allegations must be accepted as true." (*Burrows v 75-25 153rd St., LLC*, 44 NY3d 74, 84 [2025]). Proper pleading of rent regulatory status is required in summary eviction proceedings and misrepresentations of the regulatory status of an apartment may subject a petition to dismissal (*see 546 W. 156th St. HDFC v Smalls*, 43 AD3d 7, 11 [1st Dept 2007]; *Hughes v Lenox Hill Hosp.*, 226 AD2d 4, 18 [1st Dept 1996], *lv denied* 90 NY2d 829 [1997] [Strict construction of pleading requirements a matter of equity when misrepresentations are made] [citing *MSG Pomp Corp. v Doe*, 185 AD2d 798 [1st Dept

2

[* 2]

1992]]; *Volunteers of Am.-Greater N.Y., Inc. v Almonte*, 17 Misc 3d 57, 59 [App Term, 2d Dept, 2d & 11th Jud Dists 2007], *affd* 65 AD3d 1155 [2d Dept 2009] [The regulatory status "may determine the scope of the tenant's rights[.]"]).

Here, the petition alleges that the subject premises is exempt from rent stabilization because prior to respondent's tenancy, the legal regulated rent exceeded the deregulation threshold then in effect, citing Rent Stabilization Code (RSC) [9 NYCRR] § 2520.11(r). Respondent previously challenged petitioners' purported deregulation in her first amended answer, which has now been stricken by Judge Rubel. As pleaded, in giving petitioners the favorable inferences that it must on this motion to dismiss, the court does not find that petitioners have failed to sufficiently plead an exemption from rent stabilization coverage (*see Smalls*, 43 AD3d at 11 ["With respect to the contents of the petition, adequacy of notice in a landlord-tenant is governed by a standard of reasonableness under the circumstances[.]"]).

As for respondent's claim that petitioners failed to state its interest in the subject premises, she references a lease between the parties listing "Avenue A at St. Marks Partners, LP" as the lessor, not petitioners herein. In opposition, petitioners annex renewal leases from 2016, 2017, and 2019 listing petitioners as landlords. At a minimum, the renewal leases provide sufficient support for the allegation that petitioners are the landlord of the subject premises to withstand a motion to dismiss (*see Halle Realty Co. v Abduljaami*, 42 Misc 3d 148[A], 2014 NY Slip Op 50390[U], *1 [App Term, 1st Dept 2014] [citing RPAPL § 721]). For each of these reasons, respondent's motion to dismiss is denied.

Respondent also seeks summary judgment, amendment of the answer, and reargument of Judge Rubel's June 6, 2025 Decision/Order in the alternative. Respondent requests summary

3

[* 3]

judgment on the basis that the subject premises were improperly deregulated (from rent stabilization). This argument is made despite the fact that respondent's prior defense challenging the deregulation was stricken by Judge Rubel. While petitioners must sustain their prima facie burden at trial, which may include establishing its exemption from rent stabilization (*see Pineda v Irvin*, 40 Misc 3d 5, 6 [App Term, 1st Dept 2013]), the court does not find that respondent has adequately demonstrated that no issues of material fact exist regarding petitioners' alleged exemption exist and that judgment should be entered in her favor on this record (*see Alvarez v. Prospect Hosp.*, 68 N.Y.2d 320, 324 [1986]).

As for respondent's motion to amend the answer a second time, leave to amend "should be freely granted (CPLR 3025(b)) absent prejudice or surprise resulting from the proposed amendment, unless the proposed amendment is palpably insufficient or patently devoid of merit." (*Badesch v. Fort 710 Assoc., L.P.* 233 AD3d 604, 604 [1st Dept 2024]). Judge Rubel previously struck respondent's first amended answer in its entirety. To the extent that respondent again raises a counterclaim based on rent overcharge, Judge Rubel dismissed a prior overcharge counterclaim. The counterclaims are not substantially different. Accordingly, as Judge Rubel's June 6, 2025 Decision/Order is law of the case at this juncture (*see Glaze Teriyaki, LLC v MacArthur Props. I, LLC*, 155 AD3d 427, 429 [1st Dept 2017]), the court finds that the rent overcharge claim included with the second amended answer lacks merit. Nonetheless, the court finds sufficient merit to the first, second, and fourth affirmative defenses, which effectively sound in failure to state a cause of action (first and second affirmative defenses) (*see Butler v. Catinella*, 58 AD3d 145, 150 [2d Dept 2008] [quoting *Citibank [S.D.] N.A. v. Coughlin*, 274 AD2d 658, 660 [3d Dept 2000]]) and breach of warranty of habitability (fourth affirmative

[* 4]

defense) (*see 885 W.E. Residents Corp. v Tally*, 11 Misc 3d 141[A], 2006 NY Slip Op 50685[U] [App Term, 1st Dept 2006]).  The third affirmative defense, however, is substantially entwined with the overcharge counterclaim and lacks merit for the same "law of the case" reason. Accordingly, in the absence of an adequate showing of prejudice or surprise by petitioners (*see Four Thirty Realty LLC v. Kamal*, 83 Misc 3d 138[A], 2024 NY Slip Op 51301[U] [App Term, 1st Dept 2024]), respondent's second motion to amend the answer is granted and the amended answer annexed to respondents' motion (NYSCEF Doc. 50) is deemed served and filed, except to the extent that the third affirmative defense and first counterclaim are stricken.

Finally, respondent seeks reargument of Judge Rubel's June 6, 2025 Decision/Order.  As petitioners correctly note, the motion was untimely under CPLR § 2221(d)(3), which requires that a motion to reargue be made "within thirty days after service of a copy of the order determining the prior motion and written notice of its entry."  Here, petitioners filed a notice of entry of the June 6, 2025 Decision/Order on June 12, 2025 and it was served upon respondent's attorney via NYSCEF on the same date (*see* Confirmation Notice for NYSCEF Doc. 28).  As respondent's instant motion was made on September 17, 2025, well over 30 days from the date of the notice of entry, the request for reargument is patently untimely and the court does not find a sufficient basis to overlook the untimeliness to reconsider the prior order (*cf. Luebke v MBI Group*, 122 AD3d 514, 514 [1st Dept 2014]).

Based upon the foregoing determinations, respondent's motion is solely granted to the extent of permitting amendment of the answer, subject to the striking of the third affirmative defense and first counterclaim, and is otherwise denied.  The proceeding will be restored to the Part D calendar on February 26, 2026 at 9:30 AM for trial transfer.

5

This Decision/Order will be filed to NYSCEF.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.



APPROVED
CGUTHRIE , 1/30/2026, 4:52:07 PM

Dated: New York, New York
     January 30, 2026                 HON. CLINTON J. GUTHRIE, J.H.C

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| MOTION SEQ. #: 6 | | GRANTED | DENIED | X | GRANTED IN PART | | OTHER |
| CHECK IF APPROPRIATE: | | SETTLE ORDER | | | SUBMIT ORDER | | STAY CASE |
| | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |
| NOTES | | | | | | | |

6